Gresham *vs.* Morrow.

---

HARRIS GRESHAM, plaintiff in error, *vs.* JAMES MORROW, administrator *et. al.*, defendants in error.

A held a note on two as joint promisors, which note was given for slaves; and in full discharge and satisfaction of said note, A took a note for the same amount on one of said principals, and a third party, as his security. This was a novation, the original debt ceased to exist, and the consideration of the new note was not slaves, but the satisfaction of the first note.

Slave debt. Novation. Before Judge ROBINSON. Jones Superior Court. October Term, 1869.

In 1858 or 1859, James Caldwell sold slaves to Charles D. Bostwick and Joseph L. Holland, taking their note for

the price.   James Caldwell sold the note to Robert Caldwell, who in 1858 sold it to Gresham, who paid specie for it.   In 1860 Joseph L. Holland died and Benjamin L. Holland became his administrator.  On the 5th of January, 1861, Charles D. Bostwick, as maker, and Benjamin L. Holland, as security, made a new note, payable to Gresham, and in consideration of its delivery to them, Gresham surrendered the old note.   Bostwick died, and Morrow became his administrator. Upon this new note Gresham sued in March, 1869.   The defendants showed the foregoing facts, and moved the Court to dismiss the cause, because he had no jurisdiction to try or enforce a slave debt.   It was dismissed, and for that complaint is made here.

Isaac Hardeman, Lyon & DeGraffenreid, for plaintiff in error.

George T. Bartlett, for defendants, relied upon the Constitutional prohibition, as to such debts, and said it was not a novation : 23d Ga. R., 237 ; 35th, 364.

McCay, J.

What, according to the facts as they appear in the record, was the consideration passing between the makers and the payee of this note ?   Surely it can, in no fair sense, be said to be slaves.  Gresham held a note, made by Bostwick and one *Joseph* Holland, given to one Caldwell, or bearer, for negroes sold to said Bostwick and Holland.  Having this note, as his own, Gresham *gave it up,* and took the note sued on in *lieu of it.*   The former debt was due from *Bostwick and Joseph Holland* as *joint promisors,* both interested in the consideration.   This debt is due from Bostwick and *Benjamin* Holland, and the latter is only *security* for Bostwick.   It is clear that this note is not a simple renewal of the former.   One of the parties has dropped out of the contract, a new party has come in his stead, and he only as security.   In other words, the negro note was settled, discharged, satisfied.  In the language of our Code, section 2682, "it ceased to exist."   The consider-

Gresham *vs.* Morrow.

ation of this note is not the negroes, but the debt due from Bostwick and Joseph Holland. By taking this note, Gresham lost his right to go on the estate of Jos. Holland, and consented to look to Bostwick alone and Benj. Holland, his surety.

A damage or loss to the payee is a sufficient consideration for a contract. Clearly, the loss of his right to go on Joseph Holland was a loss to Gresham. It is the same as if he had given up the orignnal note for the note of two strangers to the original contract. True, Bostwick is the same man in both contracts, but in one he is a joint promisor with another, and in the other he is the sole principal, Benjamin Holland being surety. Almost certainly, the estate of Joseph Holland has paid its half of the negro note. Perhaps Benjamin Holland has gotten credit for it as administrator. It is not probable that Joseph Holland got clear of his liability on that note for nothing. There must have been *some* new consideration to bring about so entire a change in the relative rights of the parties, as exists in a note made by Bostwick and Joseph Holland, both principals, and a note made by Bostwick, principal, and Benjamin Holland, security. This could have been no mere renewal.

The consideration of the note sued on was not a slave, but the motives and inducements, whatever they were, which induced the giving of this note instead of and in satisfaction of the negro note. The *loss* to Gresham is apparent. The gain to the estate of Joseph Holland is apparent. What induced Bostwick to become liable alone does not appear. But, without doubt, this is a new contract, made with different motives and for new considerations, from the note given for the slaves, and the consideration of it was not a slave, but the *satisfaction* of the slave note. The mere taking of one note in renewal of another, is not a satisfaction of the first. Nor is the taking a note of a third person, unless the first note be given up, or there be an agreement that the note of the third person is taken in satisfaction.

Here then is a change in the parties, and the first note is given up. It ceased to exist. It was paid, just as much as though it had been paid in cash. Judgment reversed.