## HINKLE v. SMITH & SON.

1. Where, in a suit upon an open account, a judgment was obtained against the defendant, and the execution issued therefrom was levied upon certain realty, to which a claim was interposed, and upon the trial of the claim case one of the issues was whether, before such suit was instituted, the judgment debtor had, for the purpose of delaying or defrauding his creditors, including the plaintiff in execution, conveyed this property to the claimant's grantor, the record of such suit, to which the claimant was not a party, was not admissible for the purpose of showing, by an itemized statement of the account attached to the petition therein as an exhibit, that the indebtedness represented by the account had been contracted prior to such alleged fraudulent conveyance.

2. A party who has waived the production in evidence of certified copies of office papers, by agreeing, in open court, that the originals may be used in evidence, will not afterwards be heard to object to the introduction of such originals, upon the ground that certified copies of the same are primary evidence as to their contents.

3. Where the issue involved was whether a deed was made for the purpose of delaying or defrauding the creditors of the grantor, and a theory of the party attacking such deed was that the maker thereof had, shortly before its execution, wrongfully killed a married man, and had executed this deed with the intention of placing his property beyond the reach of an action for damages which might be brought by the widow for the homicide, evidence that such married man had been killed by the maker of such deed, that the latter had been placed in jail on the night before the deed was executed (but not disclosing upon what charge he was incarcerated), and had remained there for two years, and that the widow of the slain man was then living, was, if admissible at all, inadmissible in the absence of evidence that the killing in question occurred prior to the execution of such deed.

4. "The following acts by debtors shall be fraudulent in law against creditors and others, and as to them null and void, viz.: . . Every conveyance of real or personal estate, by writing or otherwise, and every bond, suit, judgment, and execution, or contract of any description, had or made with intention to delay or defraud creditors, and such intention known to the party taking; a bona fide transaction on a valuable consideration, and without notice or ground for reasonable suspicion, shall be valid." Civil Code, § 2695. It was error to charge that a subsequent purchaser of the property from such fraudulent grantee acquires no title as against such creditors, if he has grounds to reasonably suspect the fraud in the conveyance to his grantor.

Argued February 12,—Decided August 14, 1909.

Claim. Before Judge Littlejohn. Sumter superior court. August 3, 1908.

*Dykes & Nisbet, A. S. Thurman,* and *Malcolm D. Jones,* for plaintiff in error. *Allen Fort & Son,* contra.

ATKINSON, J. An execution in favor of James Smith & Son against A. B. Hinkle as administrator of the estate of J. B. Hinkle, deceased, issued on a judgment rendered in June, 1905, was levied on a described house and lot in the city of Americus, to which levy a claim was interposed by Mrs. Nita O. Hinkle. Upon the trial it appeared that J. B. Hinkle, on December 22, 1892, executed a deed to his wife, Mrs. L. E. Hinkle, for a stated consideration of five dollars and love and affection, conveying to her the property levied on, several other parcels of realty, and all his personal property of every description. On January 15, 1896, Mrs. L. E. Hinkle conveyed to Mrs. Nita O. Hinkle, for the expressed consideration of nine thousand dollars, practically all the property which J. B. Hinkle had, on December 22, 1892, conveyed to Mrs. L. E. Hinkle. One theory of the plaintiffs in fi. fa. was, that the deed from J. B. Hinkle to his wife was executed with intention to delay or defraud his creditors, and that such intention was known at the time to his wife, and that the conveyance from Mrs. L. E. Hinkle to Mrs. Nita O. Hinkle, the claimant, was not a bona fide transaction on a valuable consideration and without notice or ground for reasonable suspicion on the part of Mrs. Nita O. Hinkle that the deed from J. B. Hinkle to Mrs. L. E. Hinkle was made with intention to delay or defraud his creditors. The jury found the property subject; and the claimant's motion for a new trial being overruled, she excepted.

1. The plaintiffs put in evidence the proceedings in their suit against A. B. Hinkle as administrator of the estate of J. B. Hinkle, in which the judgment was rendered on which the execution levied was issued. This suit was on an open account, an itemized statement of which was attached to the petition as an exhibit, from which it appeared that the items of the account were dated from October 14 to December 12, 1891, inclusive. This evidence was admitted over the objections of the claimant, one of which was that the petition, with the itemized statement of the account thereto attached, was not admissible for the purpose of proving, as against the claimant, the dates when the debt represented by the account was contracted. Our opinion is that the itemized statement of account attached to this petition was not admissible, as against the claimant, for the purpose of showing the dates of the account, or the time when J. B. Hinkle became indebted to

the plaintiffs.   The claimant was not a party to that suit and, of course, was not bound by the judgment rendered therein.   The itemized statement of the account was made out by the plaintiffs; and while the defendant in that suit would be bound by it after the rendition of the judgment, the claimant was in no wise affected thereby.   It was not competent, therefore, for plaintiffs to show by this account attached to their petition the dates when they became creditors of J. B. Hinkle; and consequently the court erred in admitting this evidence.

2.   The claimant also objected to the admission of the tax returns of J. B. Hinkle for the year 1892, to the admission of the original tax digests showing the returns of Mrs. A. B. Hinkle for the year 1894, to the original tax digests for the year 1895, showing the returns of A. B. Hinkle, as agent for his wife, for that year, to the original tax digests for 1896, showing the returns of Mrs. Nita O. Hinkle for that year, and to the admission in evidence of the administrator's bond book, showing the bond of A. B. Hinkle, as administrator of the estate of J. B. Hinkle.   The only objection urged or referred to in the brief of counsel for plaintiff in error as to the admission of any of these documents is that they were not admissible, for the reason that certified copies thereof were primary evidence.   This objection is effectually disposed of by a note of the trial judge in reference to the same, to the effect that counsel for plaintiffs and claimant agreed in open court that original records could be used in evidence instead of certified copies of the same.

3.   Several of the grounds of the motion for a new trial bring in question the relevancy of the following portions of the testimony of Persons, a witness for the plaintiffs: "I saw Dr. A. B. Hinkle and Dr. J. B. Hinkle when they were put in jail on the night of December 21, 1892.   They stayed in jail two years, I believe." "I know Mrs. Worsham; she was living at that time."   "I stated that they [A. B. Hinkle and J. B. Hinkle] killed him [Worsham]." Counsel for defendants in error contend that there was evidence showing that J. B. Hinkle and A. B. Hinkle killed Worsham prior to the execution of the deed by J. B. Hinkle to his wife, Mrs. L. E. Hinkle; that the widow of Worsham was living at the time this deed was executed, and that she had a right of action against J. B. Hinkle for the wrongful killing of her husband; and that therefore

17

this testimony of Persons was admissible as a circumstance tending to show that the deed from J. B. Hinkle to his wife was made for the purpose of putting his property beyond the reach of an action against him for damages by Mrs. Worsham. Upon examination, the evidence contained in the record fails to disclose when Worsham was killed, whether before or after the execution of the deed by J. B. Hinkle to his wife, or upon what charge the Hinkles were placed in jail on December 21, 1892, and remained there for two years; and if the evidence objected to would be admissible under any circumstances, it was certainly inadmissible when the evidence failed to disclose that Worsham was killed prior to the execution of the deed from J. B. Hinkle to his wife, and upon what charge the Hinkles were imprisoned.

4. The presiding judge charged, in substance, that if the debtor made a conveyance to his wife for the purpose of defrauding his creditors, or avoiding his liabilities, and if the grantee "knew, or had reasonable ground to suspect, that that was the purpose on the part of" the debtor in making the deed, then the deed would be void as against creditors or liabilities then existing. Under previous rulings of this court, this charge was not erroneous. *Phinizy* v. *Clark*, 62 *Ga.* 624; *Nicol & Davidson* v. *Crittenden*, 55 *Ga.* 497; *Smith* v. *Wellborn*, 75 *Ga.* 799 (7, 8); *Conley* v. *Buck*, 100 *Ga.* 187, 206, 207 (28 S. E. 97); *Bigby* v. *Warnock*, 115 *Ga.* 385, 388 (41 S. E. 622, 57 L. R. A. 754). The court also charged as follows: "Now, if you determine, gentlemen, in this case that the deed from J. B. Hinkle to Mrs. L. E. Hinkle was made with the intention to defraud his creditors or to place him, and did place him, by making this deed, where his creditors could not make their money out of him, and that Mrs. Hinkle knew of this, and for that reason the deed was a fraudulent deed, then if you believe that, subsequent thereto, the present claimant, Mrs. N. O. Hinkle, purchased this land levied upon and that at the time of so doing she had no notice or knowledge of this intention on the part of J. B. Hinkle in making this deed, and she had no reasonable grounds to suspect that it was, then she would get a valid title regardless of whether that deed was a fraudulent deed or not; her title would be valid and would not be subject to this debt. If you should believe the contrary, that the deed made by Hinkle to his wife was a fraudu-

lent deed under the rules of law that I have given you in charge, when applying the facts to those rules of law, and you believe that at the time that this deed from Mrs. L. E. Hinkle to Mrs. N. O. Hinkle, dated January 13, 1896, was made, that Mrs. N. O. Hinkle knew that it was a fraudulent deed, or that she had reasonable ground to suspect that it was, then she bought it subject to the debts existing at the time of the making of the fraudulent deed; and that would be true no matter whether she paid full consideration for the land or not." Error was assigned on this charge, because the court stated that even if the second grantee was a bona fide purchaser without notice of any fraud in the deed of J. B. Hinkle to Mrs. L. E. Hinkle, yet if such second grantee had "reasonable ground to suspect that it was" fraudulent, the deed to her would be void. As to this charge the members of the court are not unanimous in opinion. Presiding Justice Evans, and Justices Lumpkin, Atkinson, and Holden are of the following opinion, briefly stated: The use of the words "reasonable ground to suspect" was not proper in regard to the second grantee, if she was a purchaser for value and without notice. The Civil Code, §2695, provides: "The following acts by debtors shall be fraudulent in law against creditors and others, and as to them null and void, viz.: . . 2. Every conveyance of real or personal estate, by writing or otherwise, and every bond, suit, judgment, and execution, or contract of any description, had or made with intention to delay or defraud creditors, and such intention known to the party taking; a bona fide transaction on a valuable consideration, and without notice or ground for reasonable suspicion, shall be valid." The statement in the code section just quoted that "a bona fide transaction on a valuable consideration, and without notice or ground for reasonable suspicion, shall be valid," is applicable only to the transaction between the fraudulent debtor and his immediate grantee. But in dealing with the question of a subsequent purchaser from the grantee, section 2696 of the code is applicable, which declares: "Where a sale void as against creditors is made; and the property has not been seized, or steps taken to set the same aside, the fraudulent vendee can convey to an innocent purchaser from him, for value and without notice of the fraud, a title good against the claim or judgment of the defrauded creditors." They further think that this puts a bona fide purchaser for value and without notice on

the same plane of protection as a bona fide purchaser from one who obtained title by fraud. Civil Code, §3540. If the conveyance from the debtor to the first grantee was void because of fraud on the creditor, and the second grantee took with notice of the fraud, the property could be subjected in her hands, although she may have paid value therefor; but reasonable grounds for suspicion alone would not suffice to render her title void.

Chief Justice Fish and Justice Beck are of the opinion that the same rule as to knowledge, notice, or ground for reasonable suspicion applies to a purchaser from a fraudulent grantee as to such grantee himself, and that section 2696 of the Civil Code introduced no new rule as to notice, as appears from the decision from which it was codified      *Judgment reversed. All the Justices concur.*