## WARREN v. CITIZENS NATIONAL BANK OF DANVILLE, KENTUCKY.

1. In a claim case, where the claimant's title is derived from a grantee of the defendant in fi. fa., and the deed from the defendant in fi. fa. to his grantee, which is older than the judgment, is attacked as having been made with intent to defraud or delay creditors, it is error to charge the jury, in substance, that if such a deed was fraudulent the claimant's deed from him would be void as against creditors if she had reasonable ground to suspect that the conveyance to her grantor was made to delay or defraud creditors.

2. On an issue such as is just described the solvency or insolvency of the defendant in fi. fa. at the time of making the conveyance attacked as fraudulent is relevant; but the range of the evidence as to time should be so restricted as to reflect the financial condition of the grantor at the time of the making of the deed.

JULY 13, 1916.

Claim. Before Judge Thomas. Berrien superior court. July 10, 1915.

*W. D. Buie,* for plaintiff in error.

*J. D. Lovett* and *Hendricks, Mills & Hendricks,* contra.

EVANS, P. J.   A fi. fa. in favor of the Citizens National Bank of Danville, Kentucky, against J. W. Warren and C. W. Warren was levied upon a certain tract of land, and a claim was interposed by Mrs. Sarah Ann Warren. Pending the original suit and before judgment, the defendant in fi. fa. conveyed the land to J. T. Shaw, a near neighbor and family connection, upon a purported consideration of $600; and seven days thereafter, for an alleged consideration of $700, Shaw conveyed the land to the wife of the defendant in fi. fa., who is the claimant. It was the contention of the plaintiff in fi. fa. that these conveyances were made with the intention to hinder and defraud creditors. The jury found the property subject to the fi. fa., and the court refused to set aside their verdict on motion for new trial.

1. The court charged the jury as follows: "The court instructs you that if you believe from the evidence that the property in controversy was the property of C. W. Warren, the defendant in fi. fa., and if you further believe that the plaintiff in the case and others were suing or about to sue the defendant in fi. fa., and if you further believe that in order to hinder, delay, or defraud the plaintiff in fi. fa. he conveyed this property to another, such act on his part would be fraudulent and would be void against the creditors;

and if you believe that the claimant in the case was a party to that act, if you believe that the claimant in the case knew or had grounds for reasonable suspicion to know that he was doing that act—if you believe that he was doing that act, to transfer the property to hinder, delay, or defraud the plaintiff in the case,— and if you believe that with such knowledge or grounds for reasonable suspicion that such was true, that she concurred with him and co-operated with him with the purpose to hinder, delay, or defraud the plaintiff in fi. fa. in the collection of their [its] debt, the same would be void and the property would be subject to the fi. fa." The claimant criticises this instruction as stating the rule too strongly against her, and as failing to take into consideration that the claimant purchased from a grantee of the alleged fraudulent debtor, and as authorizing the jury to subject the land if they found she had reasonable grounds to suspect the alleged fraudulent intent of her husband, although her purchase from his grantee may have been without notice of any fraudulent intent on his part. This criticism depends upon a construction of Civil Code sections 3224 and 3225. It is there declared: "The following acts by debtors shall be fraudulent in law against creditors and others, and as to them null and void: . . (2) Every conveyance of real or personal estate, by writing or otherwise, and every bond, suit, judgment and execution, or contract of any description, had or made with intention to delay or defraud creditors, and such intention known to the party taking. A bona fide transaction on a valuable consideration, and without notice or ground of reasonable suspicion, shall be valid. (3) Every voluntary deed or conveyance, not for a valuable consideration, made by a debtor insolvent at the time of such conveyance. . . Where a sale void as against creditors is made, and the property has not been seized, and no step taken to set the sale aside, the fraudulent vendee can convey to an innocent purchaser from him, for value and without notice of the fraud, a title good as against the claims or judgments of the defrauded creditors." These sections were construed in *Hinkle* v. *Smith*, 133 *Ga.* 255 (65 S. E. 427) ; and it was held, that, being in pari materia, they should be construed together; and that if a conveyance from a debtor to the first grantee was void because of fraud on the creditor, and the second grantee took with notice of the fraud, the property could be subjected in the latter's

hands, although he may have paid value therefor; but that reasonable grounds of suspicion alone would not suffice to render the second grantee's title void. Accordingly it was held to be error to charge the jury that a subsequent purchaser of the property from such fraudulent grantee, acquires. no title as against such creditors if he has grounds to reasonably suspect the fraud in the conveyance to his grantor. The charge complained of was calculated to be understood by the jury as an instruction that if the deed from the defendant in fi. fa. was fraudulent and the claimant purchased from the grantee of the defendant in fi. fa. with reasonable grounds for suspicion that her grantor's title was fraudulent as against creditors, her title was void, although she may have been a purchaser for value and without notice.

2. Testimony was received, over objection on the ground of irrelevancy, that at the time of the trial the defendant in fi. fa. was indebted to others. On an issue as to bona fides of the transaction between the defendant in fi. fa. and his grantee, as illustrating the purpose of the grantor, his solvency or insolvency is a material fact. The testimony, however, should be confined to the time when the alleged fraudulent conveyances were executed.

Other assignments. of error are dependent upon those discussed, and do not require specific notice.

<em>Judgment reversed. All the Justices concur.</em>

FISH, C. J., and BECK, J. We must concur, because of the ruling made by a majority of the court in *Hinkle* v. *Smith*, 133 *Ga.* 255; though we still entertain the views that we expressed in that case.