7170. QUINNEY v. CITIZENS BANK OF WAYNESBORO.

WADE, C. J. Waiving all questions not necessary to the determination of the exact point involved in this case, the defendant's answer as a whole set up one legal defense, if not more. The court, therefore, erred in striking all but the formal portion of the plea and in thereafter directing a verdict for the plaintiff. *Judgment reversed. Hodges, J., absent.*
DECIDED DECEMBER 8, 1916.

Complaint; from city court of Waynesboro—Judge H. C. Hammond presiding. November 30, 1915.

The Citizens Bank of Waynesboro sued Gray Quinney on three notes payable to it, as follows: one for $324, dated February 20, 1905, and due February 20, 1906; one for $100, dated February 20, 1905, and due one day after date, and one for $181.87, dated March 10, 1909, and due May 10, 1909. The defendant filed an answer in which he denied indebtedness and further pleaded as follows: (5) The defendant and W. C. Gresham, John F. Humphrey, and R. N. Berrien Jr. were engaged under the corporate

name of Disko Company, in running a soda-fountain and cigar business in Waynesboro, Georgia. At the time the said notes for $324 and $100 were taken, February 20, 1905, the said R. N. Berrien Jr., who was cashier of the plaintiff bank and representing it and also managing the money affairs of the said Disko Company, told the defendant and said Humphrey and Gresham that the business owed the bank $424 for overdrafts, and asked that notes therefor be given the same, the arrangement being that when the defendant signed the notes a joint note should be given, signed by all, including Berrien, before the notes were to be delivered to the bank, and the defendant signed on that condition only, but the said Berrien did not have the others to sign the said note and did not sign himself; which constituted a fraud on the defendant and rendered the said note void in the hands of the bank, whose cashier, acting for it, took the note on the said condition which he failed to carry out. At the time the notes sued on were signed, the Disko Company had been dissolved and had ceased doing business. (6) The said two notes dated February 20, 1905, were afterwards, at a date not remembered by defendant, renewed and a note given in their stead and given as a settlement of the notes sued on, and the said renewal note has never been surrendered to defendant and the others. The said note also was to be signed by all four of the parties interested in the said Disko business. Defendant, having confidence in said Berrien, cashier of said bank, and not knowing but that the notes had been destroyed or given to one of his intended comakers, did not inquire further about the surrender of said notes which were thus satisfied by this renewal. (7) As to the note "dated March 10, 1909," defendant says: The said cashier of said bank, R. N. Berrien Jr., said it would be well for each of the parties to give separate notes for their several proportionate shares of the indebtedness to said bank, which said cashier then said was something over $700, and in pursuance of this plan the defendant gave "the note of February, 1909, for $187.81." Afterwards the defendant, in company with W. C. Gresham, went to said Berrien and proposed (or Gresham did) that his indebtedness be taken up, but said Berrien said that they need not pay the notes, that he was in possession of the said Disko Company, consisting of an engine, soda-fount, showcase, chairs, and tables, which would be ample to pay to the bank, and he then and there, for the said bank, engaged

to convert said property into money and satisfy said note given by defendant.  Afterwards said property was so sold by the cashier of said bank, and defendant never heard of said notes and "supposed, as he had a right to do that, it had not been paid."  (8) Defendant further pleads, that the said R. N. Berrien Jr., cashier of the said bank, having said notes in his hands, engaged with the defendant that he would use the property of Disko Company (said company being then out of business and its property stored and in charge of said Berrien as cashier of said bank for the purpose of selling the same and paying said Disko indebtedness) to pay the indebtedness to said bank; that said property was ample for said purpose; that the soda-fount was a costly one and in good order, worth at least $1,000; that the gasoline engine was worth $150, the showcase not less than $30, and the chairs and tables $15; that the bank, through its cashier, who was acting for it in said sale, received the money therefor, and it was in law bound to apply said money as he had agreed as cashier to do, upon said indebtedness, and that the same had been fully paid; which said payment defendant pleads in satisfaction of said note sued on.

When the case came up for trial the plaintiff's counsel made a motion to strike paragraphs 5, 6, 7, and 8 of the defendant's answer, because:  (1) Taken together they do not constitute a legal defense.  (2) The said defense sets up transactions between the defendant and W. O. Gresham, J. F. Humphrey, and R. N. Berrien, doing business as the Disko Company, and the acts complained of were those of R. N. Berrien as a member of the Disko Company and not as cashier of plaintiff's bank.  (3) The plea of renewal is insufficient in law, as there is no allegation that the renewal note was ever paid, or that it was ever accepted by plaintiff.  (4) The plea of payment is insufficient in that there is no allegation that the said bank ever received the proceeds of the sale of the assets, or that there were not other outstanding claims which took the money arising from the sale thereof.  The court sustained the motion to strike, and then directed a verdict for the plaintiff.

*Brinson & Hatcher, E. V. Heath,* for plaintiff in error, cited: As to cashier's authority, and ratification: *Mott* v. *Semmes,* 24 *Ga.* 555; *Dolvin* v. *American Harrow Co.,* 125 *Ga.* 706; *Atlanta Buggy Co.* v. *Hess Spring Co.,* 124 *Ga.* 342-3; *Singleton* v. *Bank,* 113 *Ga.* 528; *Merchants Bank* v. *Rawls,* 7 *Ga.* 197; *Wood*

*Hydraulic Hose Mining Co.* v. *King,* 45 *Ga.* 42. As to failure to get the additional signatures before delivery: *Hansford* v. *Freeman,* 99 *Ga* 376; *Moore* v. *Farmers Mutual Insurance Association,* 107 *Ga.* 199; *Heitmann* v. *Commercial Bank,* 6 *Ga. App.* 584; *Hartman Stock Farm* v. *Henley,* 8 *Ga. App.* 255. As to novation: *Gresham* v. *Morrow,* 40 *Ga.* 487; *Tucker* v. *Ball,* 68 *Ga.* 814.

*H. J. Fullbright,* contra.