HINKLE *v.* HIXON; *et vice versa.*

1. The verdict is supported by the evidence.
2. The charges complained of in grounds 8, 9, and 10 of the motion for new trial are not erroneous on the ground that they are not authorized by the evidence.
3. The excerpts from the charge of the court set out in division 3 of the opinion are not erroneous on the ground that they are incorrect statements of the law.
4. The court did not err in overruling the motion for new trial.

Nos. 5275, 5294. DECEMBER 15, 1926. REHEARING DENIED JANUARY 15, 1927.

Equitable petition. Before Judge Malcolm D. Jones. Bibb superior court. January 15, 1926.

*Jones, Park & Johnston,* for plaintiff in error.

*E. F. Taylor* and *E. W. Maynard,* contra.

HILL, J. 1. This case has been here twice before. In *Hinkle* v. *Hixon,* 154 *Ga.* 193 (113 S. E. 805), this court affirmed the decision of the court below in overruling the demurrer to the petition. In *Hixon* v. *Hinkle,* 156 *Ga.* 341 (118 S. E. 874), where a full statement of the case is reported, this court reversed the judgment of the trial court in awarding a nonsuit. In the present case it is insisted by the defendant in error that the evidence is substantially the same as it was in the case last cited. On the other hand, the plaintiff in error insists that the evidence is dif-

---

Fraudulent Conveyances, 27 C. J. p. 835, n. 63; p. 836, n. 68; p. 842, n. 40; p. 843, n. 42.

New Trial, 29 Cyc. p. 787, n. 92; p. 824, n. 41.

ferent in the present case. Regardless of whether the evidence is more or less than it was when the case was last before this court, we are of the opinion, after an examination of the evidence, that the verdict finding in favor of the defendant in error is amply supported by the evidence. This ruling disposes of the general grounds of the motion for new trial, in the present case, which are insisted upon by the plaintiff in error, and also grounds 4, 5, 6, and 7 of the amended motion for new trial, which are but an elaboration of the general grounds.

2. Grounds 8, 9, and 10 of the amended motion for new trial complain of certain excerpts from the charge of the court, on the ground that the charge in each ground is not authorized by the evidence. From an examination of the evidence we are of the opinion that these grounds of the motion are without merit.

3. Ground 11 complains of the following charge of the court: "If you believe that contention [that Hinkle took the bonds with knowledge that they had been fraudulently procured from Hixon], or if you believe Hinkle did not have actual knowledge that they were fraudulently converted, if he had reasonable ground to suspect they had been fraudulently converted, then Hinkle would be under obligation to return the $10,000 worth of bonds to Hixon, because he could not get title to them in that way." With reference to the conditions under which movant might be held chargeable with knowledge of the fraudulent procurement of the bonds by Herbert, Ryan, and others, from J. A. Hixon, the court charged the jury that movant would not be responsible for the return of the $10,000 worth of bonds to Hixon if he acquired them for value from the Mobile Tractor Co., and "provided Hinkle was without notice or reasonable ground to suspect the Mobile Tractor Co. had fraudulently come into possession of the bonds." The court also charged the jury: "They could not pass good title to Hinkle if Hinkle knew they had been fraudulently converted, or if he had reasonable ground to believe they had been fraudulently converted; but if Hinkle did not know they had been fraudulently converted, or had reasonable ground to suspect it, then he would get good title." The above excerpts from the charge of the court are not error for the alleged reason that they do not state correct principles of law. See Civil Code (1910), § 3224 (2).

*Judgment affirmed on the main bill of exceptions; cross-bill dismissed. All the Justices concur.*

### ON MOTION FOR REHEARING.

A rehearing is asked in this case, for the alleged reason that this court has misconceived the record in treating Hinkle as the immediate transferee of a debtor whose property is transferred in fraud of creditors, rather than as the purchaser from or transferee of one who has fraudulently purchased the property of another. It is insisted that the court overlooked the following decisions which are controlling as authority, and which would require a different judgment from that rendered, viz.: *Hinkle* v. *Smith,* 133 *Ga.* 255 (65 S. E. 427), wherein it was decided that "It was error to charge that a subsequent purchaser of the property from such fraudulent grantee acquires no title as against such creditors, if he has grounds to reasonably suspect the fraud in the conveyance to his grantor." *Warren* v. *Citizens National Bank,* 145 *Ga.* 503 (89 S. E. 520), in which the *Hinkle* case was cited and discussed and unanimously affirmed. It is also insisted that this court has misconceived and misconstrued Civil Code § 3224 (2), and has overlooked the construction placed thereon in the two cases herein above cited.

This court neither overlooked the section of the code cited, nor the decisions construing that section, but on the contrary had them in mind when the opinion was prepared; and this court had no intention to run counter to either the section of the code or the decisions of this court construing that section. In fact this court, under the record in this case and the evidence as disclosed by the record, has not done so. It was alleged in the petition that in the alleged fraudulent transaction the company, Ryan, Herbert, and Kimbell, were the agents of the defendant, who received the fruits thereof; and that the defendant, Dr. Hinkle, had confederated and conspired with the company to defraud and deprive the plaintiff of his bonds. The plaintiff, Hixon, testified in part: "My bonds were registered bonds, and Dr. Hinkle came down there after I got this note from the bank. I not only notified the bank, but I caveated the bonds in Washington. The bank said it was going to forward them at the request of Dr. Hinkle, to have them exchanged for coupon bonds, and I caveated them by wire, so as to catch them when they got there. Soon after I got that letter from the bank Dr. Hinkle came to Americus, Georgia, in a little while to see me. He had a folder with a lot of papers in it, and

said that I had caveated the bonds. Ryan agreed to bring the bonds back to me if he had to buy them, but he did not do it. I never had any idea that Dr. Hinkle had any interest in it. Dr. Hinkle had seen me, and wrote me a letter a time or two, and every time he would see me he would bring up the Mobile Tractor stock, saying how much he was going to make, that it was the first thing of the kind in the south, and he had invested five or six thousand dollars and he was going to invest so much more, and that was after Mr. Camp had seen me, and he 'phoned me once, and wrote me once or twice, encouraging me to buy the stock of the Mobile Tractor Co., and he talked to me and 'phoned me; and I did not suspect until I got that notice from bank that he had anything to do with that transaction. I was surprised when I got that notice to find that he had bonds there, or my bonds there, and what I did brought him to Americus with his folder. And he says, 'I need my bonds. I am in a tight, and I come to see if you would not release the caveat;' and they were my bonds, they were bought under the contract; and he says, 'I have put the cards on the table,' and showed me his contract; and I says, 'You mean they were representing you?' and he says, 'Yes, here is the contract, and it was my stock, the damn buggers, it was my stock all the time;' and then I realized why he had been boosting up this stock, and I says, 'Doctor, I hate to see you lose anything, but those are my bonds, and I am going to have them if I can get them.'" So, it appears that there was evidence from which it might be inferred that Hinkle must have had actual notice of all that transpired; for he was the real party at interest, and not merely the transferee of the vendor. The charge of the court was therefore proper, and not in conflict with *Hinkle* v. *Smith,* or *Warren* v. *Citizens National Bank,* supra. In view, therefore, of the record, the motion for rehearing must be denied.