## 31163. ALTMAN *v.* MOSES.

506

DECIDED FEBRUARY 26, 1946.

508

*Herbert W. Wilson, Harry M. Wilson,* for plaintiff in error.
*Garrett & McDonald,* contra.

SUTTON, P. J. (After stating the above facts.) ■ The defendant contends that the court erred in sustaining the oral motion in the nature of a general demurrer and in striking his plea and answer. A defect apparent on the face of the pleadings may be taken advantage of by motion (Code, § 81-302) ; and where the defect in a pleading is fatal, it may be taken advantage of by an oral motion in the nature of a general demurrer, which motion may be made at any time before verdict. *Royal Insurance Co.* v. *Oliver,* 50 *Ga. App.* 327 (2) (177 S. E. 922) ; *Meads* v. *Williams,* 55 *Ga. App.* 224 (189 S. E. 718) ; *Elbert County* v. *Brown,* 16 *Ga. App.* 834 (86 S. E. 651) ; *Livingston* v. *King,* 2 *Ga. App.* 178 (58 S. E. 395) ; *Dingfelder* v. *Georgia Peach Growers Exchange,* 184 *Ga.* 569 (192 S. E. 188). While such oral motion admits all the facts properly alleged in the pleading to which it is directed, it does not admit a fraud charged, except as the facts alleged establish or constitute fraud. *Miller* v. *Butler,* 121 *Ga.* 758 (49 S. E. 754). If any portion of the plea is good, it is error to sustain an oral motion and dismiss it (*Quinney* v. *Citizens Bank of Waynesboro,* 19 *Ga. App.* 49, 90 S. E. 1027) ; but where the plea and answer do not set out any legal defense to the plaintiff's suit, it is not error to strike it on oral motion. *Sloan* v. *Farmers & Merchants Bank,* 20 *Ga.*

*App.* 123 (92 S. E. 893). In the present case, there is no allegation in the plea and answer that the defendant did not read and fully understand the nature and contents of the instruments which he signed. While it is alleged that the defendant had been sick and was in pain at the time he signed the instruments, and that the plaintiff said he was in a hurry to close out the matter, it is not alleged that the defendant was physically or mentally incapable of transacting business, or that he did not fully understand the nature and consequences of his acts in signing the check and agreement, or that any emergency existed which prevented him from making such inquiry or investigation as he desired before signing the check and agreement, the terms of which were plain and unambiguous. That the plaintiff said he was in a hurry to close out the matter, did not create such an emergency. *Lewis* v. *Foy,* 189 *Ga.* 596 (6 S. E. 2d, 788). The use of the expression, "as the same now is," in the agreement meant that the plaintiff was surrendering and the defendant was accepting the premises and contents in their then physical condition and without warranty as to the quantity or amount of such contents. There is no allegation that any trick or artifice was employed by the plaintiff to induce the defendant to execute the agreement, or that the plaintiff did not carry out the agreement and surrender possession of the premises and contents to the defendant in the condition in which they were at the time the agreement was executed; but the fraud charged by the plea and answer is that the plaintiff, prior to the execution of the written agreement and as a part of the negotiations leading up to its execution, made false representations to the defendant as to the amount of meats, groceries, and equipment on hand, to induce the defendant to sign the agreement, and that the defendant relied on these false representations and signed the agreement. The agreement expressly provided that it "was in lieu of all prior agreements," and that the defendant was accepting the premises and contents as they then existed; and, as above stated, there are no allegations in the plea and answer that the defendant was misled or deceived in any manner as to the terms of the agreement or that he did not fully understand its nature and provisions before signing it. The agreement was valid and binding on the parties, and it was not a legal defense to the action on the check, given pursuant to the agreement, that the defendant was induced to sign the agreement by

false representations made by the plaintiff, but not contained in the writing, as to the amount of meats, groceries, and equipment on hand at the time the agreement and check were executed. *Equitable Manufacturing Co.* v. *Biggers,* 121 *Ga.* 381 (49 S. E. 271). Also see *Outlaw* v. *Park Live Stock Company,* 20 *Ga. App.* 776 (93 S. E. 310); *Washington & Lincolnton R. Co.* v. *Southern Iron &c. Co.,* 28 *Ga. App.* 684 (112 S. E. 905). No valid defense to the suit was set out in the plea and answer, and therefore the court did not err in sustaining the oral motion and in dismissing the plea and answer.

■ The defendant's plea and answer having been stricken on oral motion in the nature of a general demurrer, and the plaintiff having placed in evidence the check and agreement, the verdict in favor of the plaintiff was demanded, and the court did not err in directing a verdict accordingly. *Browning* v. *Farmers Bank,* 45 *Ga. App.* 469 (165 S. E. 130); *Fuller* v. *Watkins,* 38 *Ga. App.* 172 (143 S. E. 510); *Haley* v. *Block,* 20 *Ga. App.* 528 (93 S. E. 148).

The cases cited and relied on by the plaintiff in error do not require a ruling contrary to the one here made. *Hinkle* v. *Hixon,* 154 *Ga.* 193 (113 S. E. 805), was before the Supreme Court again in *Hixon* v. *Hinkle,* 156 *Ga.* 341 (118 S. E. 874), and in *Hinkle* v. *Hixon,* 163 *Ga.* 430 (136 S. E. 280), and as disclosed by the decisions in those cases, certain officers of a corporation and another had confederated and conspired with the company to defraud the plaintiff, by such officers falsely representing that they owned 999 shares of stock in the company and agreeing to pledge 200 of those shares as consideration for a loan; and the court held that, when the lender afterwards discovered that the officers did not own the stock which they had pledged, but that the stock belonged to another for whom they were acting as agents, the lender could show by parol that the contract was procured by fraud. In that case, the lender was not to have just any 200 shares of stock in the company, but was to have that number out of the 999 shares which the borrowers falsely represented that they owned, and therefore the lender did not get what he had bargained for when he received 200 shares of stock belonging to another as collateral for the loan; while, in the present case, it was not alleged that the defendant did not receive exactly what the written contract provided that he was to

get. In *Williams* v. *Toomey,* 173 *Ga.* 199 (159 S. E. 866), the defendant falsely represented that the basement of a house was waterproof and dry at all times and free from dampness, and, by emptying the water from the basement and drying the floor immediately before the plaintiff came to inspect the house, made it impossible for the plaintiff, by a reasonable inspection, to ascertain the true character of the basement; while, in the present case, it is not alleged that the defendant made any investigation, or that he did not receive exactly what the written agreement provided that he was to get—the premises and contents as they existed at the time the agreement was signed. In *Ham* v. *Parkerson,* 68 *Ga.* 830, there was a mutual mistake on the part of a defendant in fi. fa. and a constable taking a bond for certain property, which had been levied on, as to the contents of the paper signed by the defendant in fi. fa. without its having been read by him or the constable; while, in the present case, it is not contended that the defendant was mistaken or deceived as to the contents of the paper which he signed. The other cases relied on by the plaintiff in error are likewise distinguishable on their facts from the present case and do not require a ruling different from the one made here.

The pleadings and evidence demanded the verdict, no error of law appears, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Felton and Parker, JJ., concur.*