## S93A0879. HALL v. HIDY.
### (435 SE2d 215)

SEARS-COLLINS, Justice.

Brenda Hall, the appellant, purchased a Mercedes Benz automobile from Randall Hawks. Lona Hidy, the appellee, filed an action to set aside that conveyance, as well as the preceding transfer of title to Hawks from Sylvester Singleton. The trial court set aside both conveyances,* finding that Singleton transferred his title to Hawks in or-

---

* The conveyances were set aside as fraudulent on April 15, 1992. On April 21, 1992, the trial court ordered Singleton to pay Hidy $35,000 in actual damages, $10,000 in punitive damages, and $10,000 in attorney fees. On May 15, 1992, Hall filed a Notice of Appeal. On June 16, 1992, the trial court filed its findings of fact and conclusions of law. To this Court's

der to hide assets and hinder Hidy from collecting a debt against Singleton, and that Hall "was not a bona fide purchaser without notice or grounds for reasonable suspicion." We disagree with the latter holding.

1. A bona fide transfer by a debtor for "valuable consideration, where the taking party is without notice or ground for reasonable suspicion of [the debtor's intent to defraud creditors] shall be valid." OCGA § 18-2-22 (2). Where there is a subsequent transaction, "[a] fraudulent vendee can convey to an innocent purchaser from him, for value and without notice of the fraud, a title good as against the claims or judgments of the defrauded creditors." OCGA § 18-2-23; see also *Dime Sav. Bank v. Sandy Springs Assoc.*, 261 Ga. 485, 487 (405 SE2d 491) (1991). Accordingly, contrary to the trial court's conclusion, "reasonable grounds for suspicion alone would not suffice to render [a subsequent purchaser's] title void." *Hinkle v. Smith &c.*, 133 Ga. 255, 260 (65 SE 427) (1909); see also *Federal Deposit Ins. Corp. v. United States*, 654 FSupp. 794, 808 (5) (N.D. Ga. 1986), and *Warren v. Citizens Nat. Bank*, 145 Ga. 503, 504 (89 SE 520) (1916). Hence, if Hall acquired the automobile for value, and had no notice that Hawks' title was obtained through fraud, then Hall received good title.

The record reveals that Hall purchased the automobile after answering a newspaper advertisement placed by Hawks, who possessed the title to the automobile in his own name at that time. Hall paid $32,900 for the automobile, which she borrowed from Peachtree Federal Credit Union. The trial court expressly found that Hawks sold the automobile to Hall as if it were his own, without revealing to Hall "the true nature of his possession of the vehicle." The trial court also found, however, that Hawks and Hall signed a document indicating to the credit union that the purchase price was $39,500, when the price actually paid was $32,900. While this finding indicates that Hall may have misled the bank as to the purchase price, neither that fact nor the difference in the price stated and the price paid shows that Hall had notice that Hawks' title was fraudulently obtained, and we see nothing else which would support that conclusion.

Because the proper inquiry is whether Hall was a good faith purchaser for value and without notice that Hawks acquired title through a fraudulent transfer, and because the findings of fact and the record do not support the trial court's conclusion that Hall was not such a good faith purchaser, we reverse the trial court's judgment as it applies to the transfer from Hawks to Hall.

2. In its findings of fact and conclusions of law, filed after Hall

---

knowledge, Singleton did not appeal the judgment against him.

filed her notice of appeal (see note 1), the trial court concluded that "compensation for damages in the amount of $4000 [is] justifiable pursuant to OCGA §§ 51-6-1 and 51-12-4" (which allow a cause of action and damages for injury caused by fraud). This award of damages must be reversed because a timely notice of appeal was filed which divested the trial court of jurisdiction to make such an award, substantively altering its final judgment. *Turner v. Harper*, 233 Ga. 483, 484 (211 SE2d 742) (1975).

3. Hall also argues that the trial court's judgment is not valid because indispensable parties, namely Hawks and the credit union, either were not named as parties or were dismissed before judgment. Having reached the conclusions above, however, it is not necessary for this Court to address the merits of Hall's remaining contentions.

*Judgment reversed in part. All the Justices concur, except Hunstein, J., who concurs in the judgment only.*

DECIDED OCTOBER 12, 1993.

*D. Dwight Bowen,* for appellant.
*Terrance A. Shannon, Herbert B. Zachry,* for appellees.