A97A1560. SHOCKLEY PLUMBING COMPANY, INC.
v. NATIONSBANK, N.A. (SOUTH).
(493 SE2d 227)

POPE, Presiding Judge.

Plaintiff Shockley Plumbing Company, Inc. appeals from the trial court's grant of summary judgment to defendant NationsBank,

N.A. (South) f/k/a Barnett Bank of Fayette County, regarding Shockley's attempt to enforce a materialman's lien against NationsBank. Concluding that summary judgment was appropriately granted to NationsBank, we affirm.

Shockley is a grading contractor who contracted with Thompson & Company Mortgage Corporation to provide materials and make certain improvements to a subdivision owned by Thompson. NationsBank was the construction lender for the improvement project. After completing its work on the project on December 21, 1990, Shockley submitted its final payment request for $35,402.60 to Thompson on January 15, 1991. Thompson refused to pay for the work and materials that Shockley provided.

On or about March 5, 1991, Thompson executed a warranty deed in favor of NationsBank for the subdivision property in lieu of foreclosure. The warranty deed constituted settlement in full of Thompson's outstanding indebtedness of $850,000 to NationsBank and was recorded on March 6, 1991. At the time the warranty deed was executed, Thompson's president also executed a property owner's affidavit representing that all bills for labor, material and recent improvements (defined as those made within the previous 90 days) had been paid, and that title to the property was free and clear of all liens of any character except tax liens for 1990 and NationsBank's security interest in the property.

Subsequently, on March 20, 1991, within three months after it last furnished labor and materials for the improvement project, Shockley filed a materialman's lien. See OCGA §§ 44-14-361 (a) (2); 44-14-361.1 (a) (2). Shockley did not, however, at any time prior to filing his lien, file a preliminary notice of lien rights as allowed under OCGA § 44-14-361.3. It is undisputed that NationsBank, as principal and surety, subsequently executed and filed a bond to discharge the lien. See OCGA § 44-14-364. Thereafter, Shockley filed suit against Thompson for the outstanding balance due under its contract with Thompson and against NationsBank for recovery from the bond proceeds of the amount of the materialman's lien. Shockley and Thompson later entered into a consent judgment finding liability on Thompson's part. The trial court granted summary judgment to NationsBank, finding that the warranty deed executed in NationsBank's favor, along with the affidavit executed by Thompson's president, acted to dissolve the materialman's lien pursuant to OCGA § 44-14-361.2 (a) (2) (A), (B), thereby relieving NationsBank from any liability to Shockley.

1. OCGA § 44-14-361.2 (a), in pertinent part, provides that special liens, such as the materialman's lien involved in this case, "shall be dissolved if the . . . purchaser from owner[ ] or lender providing construction or purchase money . . . shows that: (2) (A) . . . [a]

sworn written statement [has been obtained from] the owner when conveying title in a bona fide sale or loan transaction, that the agreed price or reasonable value of the labor, services, or materials [has] been paid or waived in writing by the lien claimant; and (B) [w]hen the sworn written statement was obtained or given as a part of a transaction: (i) [i]nvolving a conveyance of title in a bona fide sale; (ii) [i]nvolving a loan in which the real estate is to secure repayment of the loan; or (iii) [w]here final disbursement of the contract price is made by the owner to the contractor [and] there was not of record, at the time of settlement of the transaction[,] a valid preliminary notice or claim of lien which had not been previously canceled, dissolved, or expired."

Shockley argues that Thompson's sale to NationsBank of the property in question by warranty deed in lieu of foreclosure cannot be viewed as a bona fide sale, and that without such a sale, Shockley's lien was not dissolved under OCGA § 44-14-361.2 (a) (2) (A), (B) by NationsBank's obtainment of Thompson's affidavit. We disagree. Although "bona fide sale" is not defined by statute in this State, the Supreme Court of Georgia has held that in order for a transfer by a debtor to be considered bona fide and valid, the debtor must receive valuable consideration and the taking or purchasing party must be without notice or ground for suspicion of any intent on the part of the debtor to defraud creditors. *Hall v. Hidy*, 263 Ga. 422, 423 (1) (435 SE2d 215) (1993); see OCGA § 18-2-22 (2).

In this case, it is beyond dispute that Thompson received valuable consideration for the warranty deed he executed in Nations-Bank's favor. And we conclude that the mere fact the warranty deed and sale were made in lieu of foreclosure and that NationsBank was the construction lender on the project, without more, is not sufficient to create an issue of fact as to whether NationsBank had any actual or constructive knowledge that Thompson was attempting to defraud its creditors, especially in light of the affidavit supplied to Nations-Bank. Without any admissible evidence of knowledge or collusion on NationsBank's part, we also know of no public policy that would prevent the transaction in question from being considered bona fide.

In the absence of evidence that Thompson's sale to NationsBank was not bona fide, Thompson's affidavit served to dissolve Shockley's lien even though the affidavit contained false information because "it is the written document rather than the intentions or acts of the affiant in executing it, that operates to extinguish the lien." *Walk Softly v. Hyzer*, 188 Ga. App. 230, 232 (372 SE2d 500) (1988). See *Lowe's of Ga. v. Merwin*, 156 Ga. App. 876 (275 SE2d 812) (1981) (applying prior statutory law). And while the trial court incorrectly stated in its order granting NationsBank's summary judgment motion that the lien was dissolved pursuant to NationsBank's filing of bond pursuant

to OCGA § 44-14-364, the trial court's conclusion that the requirements of OCGA § 44-14-361.2 for dissolving liens had been met was correct; thus, so was its determination that NationsBank was entitled to summary judgment regarding Shockley's attempt to enforce the materialman's lien. A judgment that is right for any reason must be affirmed. *Precise v. City of Rossville*, 261 Ga. 210, 211 (3) (403 SE2d 47) (1991). We will not reverse a trial court merely because it misspoke in stating the reason for its ruling. *Bill Parker & Assoc. v. Rahr*, 216 Ga. App. 838, 840 (1) (456 SE2d 221) (1995).

2. We find no merit in Shockley's contention that Thompson's affidavit did not comply with the requirements of OCGA § 44-14-361.2. Moreover, we note that Shockley failed to raise any challenge to the sufficiency of the affidavit in the court below. Accordingly, Shockley has waived any right to consideration of this issue on appeal. See *Dietz v. Becker*, 209 Ga. App. 678, 679 (3) (434 SE2d 103) (1993).

*Judgment affirmed. Johnson and Blackburn, JJ., concur.*

DECIDED OCTOBER 29, 1997.

*Glover & Davis, J. Littleton Glover, Jr., Roy B. Huff, Jr.,* for appellant.

*Parker, Hudson, Rainer & Dobbs, G. Wayne Hillis, Jr.,* for appellee.