CANNON, executor, *v.* HEARD *et al.*

No. 16543.   MARCH 15, 1949.

*Marvin G. Russell,* for plaintiff.
*James A. Branch* and *W. S. Northcutt,* for defendants.
CANDLER, Justice.   (After stating the foregoing facts.)   It is

stated in the brief for the plaintiff in error that the main and only substantial question presented by the writ of error is whether or not the court erred in directing a verdict for the defendants. As shown by our statement of facts, the court directed the jury to find that the evidence was not sufficient to authorize a verdict in favor of canceling the deed from Mrs. Heard to the defendant, Carl C. Heard, or to set aside a judgment rendered by the Court of Ordinary in Fulton County on April 1, 1946, adjudging Mrs. Heard to be a person of unsound mind. It will be conceded, of course, that the trial judge may in all civil cases direct a verdict which is demanded by the evidence.

■ We will first dispose of the attack made upon the deed. The petition alleges that it was procured by duress and without consideration. The sufficiency of the pleaded facts to state a cause of action for the relief sought is not challenged by demurrer; and assuming, but not holding, that the plaintiff would be entitled to prevail on proof of her case as laid, we have carefully examined the record to see what the evidence shows, and after doing so are fully convinced that in so far as this issue is concerned the court did not err in directing the verdict complained of. As to duress, the undisputed evidence shows that the deed was freely and voluntarily made. And concerning consideration, there is no conflict in the evidence except as to the amount to be paid. Mrs. Heard testified that the consideration for the deed was $2000 and a promise to furnish her with the necessities of life, but that only $1000 was actually paid. Carl Heard testified that he was only to pay $1000, which he paid, and furnish the grantor with the necessities of life. Undoubtedly the evidence shows that the deed was not without consideration and the plaintiff's own version of the case shows that she has no right to equitable relief by cancellation, but only a right to sue at law for a breach of the contract, and this is especially true in the absence, as here, of allegations and proof of the defendant's insolvency, or other equitable grounds. *Brand v. Power,* 110 *Ga.* 522 (36 S. E. 53); *Thompson v. Lanfair,* 127 *Ga.* 557 (56 S. E. 770); *Davis v. Davis,* 135 *Ga.* 116 (69 S. E. 172); *Fletcher v. Fletcher,* 158 *Ga.* 899 (3) (124 S. E. 722);

*Brinson* v. *Hester,* 185 *Ga.* 761 (196 S. E. 412). There being no evidence authorizing a verdict for cancellation of the deed, the court did not err in directing the verdict complained of.

■ Unless by some antecedent ruling the law of a case has been fixed, proof of allegations which do not state a cause of action will not authorize a recovery. *Voyles* v. *Lee,* 204 *Ga.* 282 (49 S. E. 2d, 529), et cit. In the present case no ruling on the sufficiency of the pleadings to state a cause of action for the relief sought has been invoked or made. Our statement of facts shows the attack made upon the judgment, and we will not repeat them here. It is sufficient to say that proof of them would not authorize a court of equity to set aside the judgment complained of, because children, regardless of their order of birth, are all equally related to the parent, and the ordinary is authorized to appoint a lunacy commission upon proof that 10 days' notice of an application therefor has been given to or waived by any three of the nearest adult relatives of the person to be examined, and no other notice of the proceeding is required. Code, § 49-604. And since, under the allegations and proof in the instant case, no legal verdict for the plaintiff could have been rendered upon this issue, the trial judge did not err in directing the one complained of.

*Judgment affirmed. All the Justices concur.*