### 49670. HILL v. BROOKS et al.

EVANS, Judge.

William A. Brooks began construction of a house at Bent Tree near Jasper, Ga. Dan Hydrick was his general contractor on a cost-plus arrangement. Ben Hill, doing business as Lowe Glass Company, had worked as a subcontractor for Hydrick on other jobs at Bent Tree.

In March, 1973, at the direction of Hydrick and after Hydrick had furnished specifications and measurements for glasswork, Hill contacted Brooks concerning the glasswork for glass panels and doors. On March 23, 1973, Hill presented to Brooks a proposal in writing addressed to Brooks, with reference to the Brooks residence at No. 2101 Mole Mountain, Jasper, Ga., for certain items of

glasswork adjusted to the figure of $3,300. This proposal called for payment of the $3,300 "on completion" of the work, which proposal was accepted by Brooks.

As the house neared completion, Brooks contends he called Hill and advised him that he was settling with Hydrick, that he wanted to be sure Hill was paid; and that Hill replied that he did not mind getting his money from Hydrick. However, Hill contends he contracted with Brooks and looked to Brooks to pay him, not Hydrick, despite the conversation recited above. Brooks paid Hydrick in full and obtained a completion affidavit from him that all bills were paid in full. But Hydrick paid Hill only a partial payment of $1,500, leaving $1,800 unpaid and outstanding.

Hill sought payment from Brooks, who protested he had already paid the general contractor, Hydrick, in full, including all that was owing Hill for his subcontract. Hill filed a notice of lien against the property and sued Brooks within the year, seeking a general judgment against Brooks and a special judgment and lien against the property. He also sought judgment for attorney fees.

Defendant denied liability, admitted jurisdiction and alleged that the general contractor had been paid in full and had executed an affidavit to the owner that all material and labor bills had been paid in full.

After a trial before the court without a jury, the court found the following facts: there was no meeting of the minds as to who was to pay for the glasswork (labor and materials); that a telephone call was made by defendant to plaintiff obtaining plaintiff's consent to pay the general contractor; that subsequently the general contractor paid plaintiff $1,500 on the $3,300 debt; and that the general contractor executed an affidavit to defendant that the general contractor had paid for all labor and materials furnished to the defendant. The conclusions of law were that plaintiff and defendant did not have a binding contract; that plaintiff was estopped from seeking payment from defendant for the labor and materials; that defendant, having complied with the law and having produced the affidavit of the general contractor that the agreed price had been paid was not liable to plaintiff. Judgment was rendered for defendant.

Plaintiff appeals. *Held:*

1. After the trial judge hears a case without the intervention of a jury, his findings of fact, if based upon any evidence should not be disturbed. *Kelly v. Kelly,* 146 Ga. 362 (91 SE 120); *Phillips v. Phillips,* 161 Ga. 79 (129 SE 644); *Perkins v. Courson,* 219 Ga. 611, 616 (135 SE2d 388); *Bass v. Bass,* 222 Ga. 378, 388 (149 SE2d 818); *West v. West,* 228 Ga. 397, 398 (185 SE2d 763).

2. Here there was a written contract whereby the parties plaintiff and defendant agreed that certain work would be performed and on completion payment of $3,300 would be made. The court erred in finding as a matter of fact there was no meeting of the minds as to who was to pay for the glasswork. The conclusion of law by the court that there was no binding contract is erroneous.

3. But the court properly found that after execution of the contract by defendant Brooks to plaintiff Hill (whether binding or not) as to payment of $3,300 for glasswork, that plaintiff and defendant had a subsequent agreement whereby plaintiff consented for defendant to make payment for all of that work to the general contractor which payment defendant made. The record shows that defendant contacted plaintiff before paying the general contractor, because he wanted to be sure plaintiff got his money, and plaintiff told him that he did not mind getting his money from Hydrick, the general contractor. This was correctly construed by the trial court to work an estoppel against plaintiff. Code § 38-114 defines estoppel as including, ". . . admissions upon which other parties have acted, either to their own injury or the benefit of the persons making the admissions." There can be little doubt that defendant would not have made payment to the general contractor as to the glasswork except for having been lulled by plaintiff into assurance that this method of payment was perfectly acceptable and agreeable to plaintiff. For cases squarely in point, see *Morgan v. Maddox,* 216 Ga. 816 (1d) (120 SE2d 183); *Lynch v. Poole,* 138 Ga. 303, 305 (75 SE 158).

The record shows that subsequently the general contractor did pay to plaintiff $1,500 on the claim for $3,300 for this work, but this is immaterial.

4. The estoppel against defendant, as found by the

court, was sufficient to render judgment for defendant, regardless of the earlier error in the finding that there was no binding contract. It has been held time and again that a correct judgment will not be reversed because a wrong reason may be given for such judgment, or because the court adopted an erroneous theory for the finding of such correct judgment. See *Coker v. Atlanta,* 186 Ga. 473 (198 SE 74); *Hill v. Rivers,* 200 Ga. 354, 356 (37 SE2d 386); *Stahl v. Russell,* 206 Ga. 699 (2) (58 SE2d 135).

*Judgment affirmed. Pannell, P. J., and Webb, J., concur.*

ARGUED SEPTEMBER 4, 1974 — DECIDED OCTOBER 23, 1974.

*Patrick, Sidener, Bryant & Hamner, Griffin Patrick, Jr., Albert L. Stone, Jr.,* for appellant.

*Shoob, McLain, Jessee, Merritt & Lyle, M. David Merritt,* for appellees.