60830. LOWE'S OF GEORGIA, INC. v. MERWIN.

SHULMAN, Presiding Judge.

Plaintiff-Lowe's of Georgia, Inc., d/b/a Lowe's of Valdosta, brought suit to enforce a materialman's lien against property owned by defendant Merwin. From the grant of defendant's motion for summary judgment plaintiff appeals. We affirm.

The pertinent facts are as follows: Defendant had contracted with William T. Brigman d/b/a Brigman Construction Company (not a party to this appeal) for the building of a house on defendant's property. Although Brigman signed and submitted an affidavit that all materials were paid for, Lowe's contends that such affidavit was false and that it did not receive payment for materials supplied to Brigman for the improvement of defendant's property. Plaintiff submits that pursuant to Code Ann. § 67-2001 it is therefore entitled to recover against defendant's property.

1. "Code Ann. § 67-2001 (2) provides that all liens afforded by § 67-2001 shall be dissolved if the owner shall 'produce the sworn statement of the contractor, or other person, at whose instance the work was done or material was furnished, or such services furnished or rendered, that the agreed price or reasonable value thereof has been paid.' " *Short & Paulk Supply Co. v. Dykes,* 120 Ga. App. 639, 641 (171 SE2d 782).

Defendant in the instant case did submit such affidavit in compliance with § 67-2001 (2). That being so, "the materialman's claim against the owner by command of the statute cannot be perfected into a lien upon the property of the owner." *Gignilliat v. West Lumber Co.,* 80 Ga. App. 652, 654 (56 SE2d 841). See also *Jackson's Atlanta &c. Concrete Co. v. Industrial Tractor Parts Co.,* 139 Ga. App. 422 (228 SE2d 324).

We, of course, recognize that the possibility that a contractor's affidavit may be false works a hardship against one in plaintiff's position, but to hold otherwise would equally effect a hardship against defendant-owner, who would then be forced to pay twice for improvements to his property. In view of defendant's compliance with the requisites of Code Ann. § 67-2001 (2), we find no error in the grant of his motion for summary judgment.

2. Contrary to plaintiff's contentions, it was not incumbent upon defendant to produce, in addition to the contractor's sworn affidavit, evidence that he (the owner) made full payment to the

contractor and that the contractor in turn properly disbursed payment to all valid claims of materialman. In the *absence* of a valid affidavit, such proof may defeat a lien (see *Short & Paulk Supply Co.,* supra, Division 2), but it is not required under § 67-2001 (2), where proof of a proper affidavit is made. See also *Jackson's Atlanta &c. Concrete Co.,* supra.

3. Judgment for defendant having been demanded, plaintiff's enumeration of error concerning the technical sufficiency of its claim of lien is moot.

*Judgment affirmed. Quillian, C. J., and Carley, J., concur.*

SUBMITTED OCTOBER 7, 1980 — DECIDED JANUARY 6, 1981.

*George M. Saliba,* for appellant.
*Virgil D. Griffis,* for appellee.