## 61094. HENDERSON v. MITCHELL ENGINEERING COMPANY.

BIRDSONG, Judge.

Materialman's lien. Henderson, as owner of real estate, contracted with Gresham and Marmelstein, Inc. as contractor to make certain improvements on the property. Gresham subcontracted with Mitchell Engineering Co. to furnish a metal building. Henderson agreed to pay Gresham $15,957.79 for the erection of the metal building. Henderson paid several installments of the purchase price to Gresham as the building progressed toward completion. Because of certain asserted defects in a concrete slab comprising the flooring of the building, Henderson declined to pay the last $2,500 payment. Within 90 days of the last work on the subcontract, Mitchell informed Henderson that Gresham had made no payments for the purchase of the building, and placed a valid materialman's lien against the property. Mitchell eventually brought suit against Gresham for the cost of the building plus attorney fees and obtained a judgment against Gresham in the amount of $18,302.02. Gresham then entered into an arrangement with Mitchell whereby for each new building Gresham purchased from Mitchell, $2,000 would be paid to Mitchell toward satisfaction of the Henderson building debt as well as paying for the most recently

purchased building. Over a succeeding period Gresham reduced the judgment to $9,028.64. The debt was not further reduced whereupon, Mitchell brought the present complaint against Henderson seeking to impose as a special lien against Henderson's property the amount of the remaining judgment indebtedness plus interest. It is not disputed that Henderson did not obtain a release from Mitchell nor did Henderson obtain an affidavit from Gresham that all debts of subcontractors had been paid in full or releases obtained. Mitchell moved the trial court for summary judgment. Henderson defended the motion for summary judgment on the ground that Gresham's agreement to pay the judgment constituted a personal security by the contractor and thus precluded Mitchell from enforcing his lien against Henderson; that there was a question of fact whether the agreement constituted a personal security; and lastly that Mitchell had claimed that the amount of the lien was $9,028.64 whereas the only sum that was still due (and in dispute) on the contract between Henderson and Gresham was $2,500. Thus Henderson did not deny the indebtedness, the lien or the amount of unsatisfied judgment. Henderson simply urged that the lien was unenforceable as demanded. The trial court entered summary judgment for Mitchell in the amount of the unsatisfied judgment plus interest. Henderson appeals. *Held:*

1. Appellant Henderson misreads the purport of Code Ann. § 67-2001. The making of an arrangement between Gresham and Mitchell for the payment of Mitchell's judgment against Gresham does not bar Mitchell's enforcement of its lien against Henderson's property. Code Ann. § 67-2001 concerns itself with the taking of personal security for the property by a *mechanic.* It has been often held that the taking of such an arrangement by a *materialman* (such as Mitchell in this case) does not constitute a waiver of a valid lien given materialmen under the code section. *Chicago Bldg. &c. Co. v. Talbotton Creamery &c. Co.,* 106 Ga. 84 (3) (31 SE 809); *Southwire Co. v. Metal Equip. Co.,* 129 Ga. App. 49 (5) (198 SE2d 687); *Allen v. Arrow Contracting Co.,* 110 Ga. App. 369 (4) (138 SE2d 600).

Moreover, in order to prevail with his argument, Henderson was required to show that he had paid the contract price in full and that the contractor had paid the debts due materialmen furnishing materials utilized in the improvement of the real estate or obtained releases of any liens. " 'The manifest purpose of this statute is to make the property of the owner liable for material which entered into the construction of the improvement on the employment of a contractor, within the limits of the contract price, unless the materialman waives his lien, or unless, upon the final . . . payment of the contract price, takes from his contractor a sworn statement that

*all work done or material furnished has been paid for at the agreed price or reasonable value . . .'* (Emphasis supplied.) *Massachusetts Bonding &c. Co. v. Realty Trust Co.,* 142 Ga. 499, 503 (83 SE 210)." *Short & Paulk Supply Co. v. Dykes,* 120 Ga. App. 639, 642 (171 SE2d 782). Additionally, it is the owner's responsibility to see to it that the payments which he makes on the construction contract price are properly disbursed by the contractor to those having valid claims for labor and materials, and in establishing his defense to the foreclosure he has the burden of showing that this was done. *Tuck v. Moss Mfg. Co.,* 127 Ga. 729 (56 SE 1001); *Green v. Farrar Lumber Co.,* 119 Ga. 30 (46 SE 62). Henderson, in not having shown that he had paid the full amount of the indebtedness nor having shown that money disbursed had been properly allocated, will not now be heard to assert that no valid or enforceable lien existed in favor of Mitchell. The first two enumerations of error are without merit.

2. In his last enumeration of error, Henderson argues that even if the lien is valid, the amount of the indebtedness must be limited to the amount of the unpaid balance due Gresham, i.e., $2,500, not the amount of the unpaid judgment. The fact is, of course, that other than money paid in satisfaction of the judgment, Mitchell has not been paid any money at all by Henderson either directly or through Gresham for the material furnished Henderson by Mitchell through Gresham. Henderson did not obtain any waiver of Mitchell's lien nor see that payments were made by Gresham to Mitchell. Thus Henderson has no standing to argue that he has paid the entire contract price and should thus be excused, nor has he otherwise complied with the statute that protects materialmen and provides specific relief for owners who are financially abused by their contractors. The payment of some of the contract price, when not properly applied, does not relieve the owner for the amount of the lien remaining unpaid. Furthermore, Mitchell's lien is well within the limits of the contract entered into between Henderson and Gresham. This enumeration also lacks merit.

*Judgment affirmed. Shulman, P. J., and Sognier, J., concur.*

Decided April 17, 1981.

*Joseph E. Cheeley III,* for appellant.
*Lawrence J. McEvoy, Jr.,* for appellee.