## 70065. DIXIE CONCRETE SERVICES, INC. v. LIFE INSURANCE COMPANY OF GEORGIA et al.

(331 SE2d 889)

SOGNIER, Judge.

Dixie Concrete Services, Inc. brought suit to enforce a material-man's lien against Hardee's Restaurants, Inc. and Life Insurance Company of Georgia (owners). The trial court granted the owners' motion for summary judgment on the basis that the lien should be dissolved pursuant to OCGA § 44-14-361.2. Dixie Concrete Services appeals.

The sole question on appeal is whether the language in the affidavit executed by the general contractor for appellees sufficiently complies with the provisions of OCGA § 44-14-361.2 in order to effect a dissolution of appellant's lien. OCGA § 44-14-361.2 (a) provides: "The special lien specified in [OCGA § 44-14-361 (a)] shall be dissolved if the owner . . . shows that: (2) (A) They or any of them have obtained the sworn written statement of the contractor or person other than the owner at whose instance the labor, services, or materials were furnished, . . . that the agreed price or reasonable value of the labor, services or materials have been paid or waived in writing by the lien claimant; and [a recording matter not in issue here]." The general contractor's affidavit in the case sub judice stated that the general contractor "has paid in full or has otherwise satisfied all obligations for all materials and equipment furnished" by appellant. Appellant contends that the inclusion in the affidavit of the language "or has otherwise satisfied" appellant's claims introduced an alternative method of compensation which was not contemplated by the statute and thus the affidavit fails to meet the requirements of OCGA § 44-14-361.2.

We do not agree. The general contractor's language that he "has paid in full or has otherwise satisfied all obligations" constitutes a sworn statement that appellant was completely compensated for all work and services performed, labor, materials and equipment furnished. "[I]nasmuch as our lien laws and procedures are in derogation of the common law, they must be construed strictly *against the creditor* and in favor of the debtor. [Cit.]" *Brockett Road Apts. v. Ga.-Pacific Corp.*, 138 Ga. App. 198, 199 (225 SE2d 771) (1976). (Emphasis supplied.) See *Cowart v. Reeves*, 80 Ga. App. 161, 164 (55 SE2d 911) (1949). Construing OCGA § 44-14-361.2 (a) (2) (A) in favor of appellees-debtors, we find the general contractor's affidavit in substantial if not complete compliance with the statute and affirm the trial court's grant of summary judgment to appellees.

*Judgment affirmed. Birdsong, P. J., and Carley, J., concur.*

DECIDED MAY 28, 1985.

*Lamar Gibson*, for appellant.
*Martin W. Foster, Michael D. Devane*, for appellees.