76753. WALK SOFTLY, INC. v. HYZER et al.
(372 SE2d 500)

DEEN, Presiding Judge.

This appeal is from the grant of summary judgment to appellees Peter C. and Bette J. Hyzer on appellant's claim asserting a labor and materialmen's lien arising from the construction of a home. The Hyzers purchased the property from Signature Homes on April 9, 1986. At the closing of the sale, Mike Shean on behalf of Mike Shean Signature Homes executed a builder's affidavit stating that there were not then "any outstanding bills, either for services, labor or materials . . . placed upon said property within the last ninety-five days . . . ," and that there was then "no person, firm, or corporation, which has a lien, or which is entitled to claim or enforce a lien against said property or the fixtures located thereon, for services performed, labor done, or materials used in the improvement of said property." Shean also executed a seller's affidavit averring that the property was "free and clear of every kind and description of liens. . . ." Both affidavits contain a proper jurat. On June 11, 1986, appellant Walk Softly, Inc., filed a lien on the property and subsequently sued Signature Homes and its officers, and the Hyzers as present owners of the property, seeking inter alia to foreclose on the lien. The Hyzers' motion for summary judgment on that claim was granted on the ground that the lien was extinguished as to them by operation of OCGA § 44-14-361.2, from which this appeal is brought.

Appellant contends that the trial court erred in concluding as a

matter of law that its lien was dissolved under OCGA § 44-14-361.2 by the mere execution and notarization of documents captioned "Builder's Affidavit" and "Seller's Affidavit," when there was evidence that the affiant did not know what he was signing and was not sworn as required by the statute, and there were genuine issues of material fact as to whether the Hyzers were aware of these irregularities. It concedes that the affidavits appear on their faces to be valid, but urges under the authority of *Chambers Lumber Co. v. Hagan*, 118 Ga. App. 392 (1) (163 SE2d 847) (1968), that its evidence was sufficient in response to the motion for summary judgment to present an issue for jury determination as to whether they constituted legal affidavits. Our study of the amendment to the statute in question and later decisions of this court brings us to the conclusion that the *Chambers* holding in this respect is inconsistent and therefore must be overruled.

Present OCGA § 44-14-361.2 (a), properly construed, provides that a special lien, such as the materialmen's lien involved here, "shall be dissolved if the owner, purchaser from owner, or lender providing construction or purchase money . . . shows that: (1) [t]he lien has been waived in writing by lien claimant; or (2) (A) [t]hey or any of them have obtained the sworn written statement of the contractor or person other than the owner at whose instance the labor, services, or materials were furnished, or the owner when conveying title in a bona fide sale or loan transaction, that the agreed price or reasonable value of the labor, services, or materials have been paid or waived in writing by the lien claimant; and (B) [w]hen the sworn written statement was obtained or given as a part of a transaction; (i) [i]nvolving a conveyance of title in a bona fide sale; (ii) [i]nvolving a loan in which the real estate is to secure repayment of the loan; or (iii) [w]here final disbursement of the contract price is made by the owner to the contractor [and] there was not of record, at the time of the settlement of the transaction[,] a valid preliminary notice or claim of lien which had not been previously cancelled, dissolved, or expired." Ga. L. 1983, p. 1450, § 1; Ga. L. 1984, p. 22, § 44 (Indention omitted.)

Prior Code Ann. § 67-2001 (2) provided for the lien to attach to the property unless its owner could show that the lien had been waived in writing or "produce the sworn statement of the contractor, or other person, at whose instance the work was done or material was furnished . . . that the agreed price or reasonable value thereof has been paid. . . ." (Ga. L. 1897, p. 30; 1899, p. 33; 1953, pp. 582, 583; 1956, pp. 185, 187; 1956, pp. 562, 565.) The trial judge in the instant case expressly determined, having heard oral argument and considered all the evidence before it, "that a notarized affidavit which is valid on its face fulfills the requirements of 'sworn written statement' as described in OCGA § 44-14-361.2 (A) (2) (B) . . . ." The change in

approach and language in the two statutes supports this conclusion, that it is the written document rather than the intentions or acts of the affiant in executing it, that operates to extinguish the lien. More recent decisions augment this construction.

In *Jackson's Atlanta &c. Co. v. Industrial Tractor &c. Co.*, 139 Ga. App. 422 (228 SE2d 324) (1976) (cert. den., 139 Ga. App. 883), which was decided under the former statute, there was uncontradicted evidence that the sworn statement of the contractor was signed by its president and by a notary public, but that the notary public did not administer an oath to the president at any time contemporaneously with his execution of the writing. Nevertheless, this court held that "[i]n the absence of any evidence indicating that the owner was aware of the irregularity, or allegations and proof of fraud and/or collusion, the owner is not required to make an independent investigation to determine that the proper procedures were followed in the execution of the affidavit. 'When one of two innocent persons must suffer by the act of a third person, he who put it in the power of the third person to inflict the injury shall bear the loss.' [OCGA § 23-1-14]." Id. at 422-423. (Indention omitted.) In this case there was no evidence indicating that the Hyzers knew that Shean was not administered an oath, or that any of the procedures which took place at the closing rendered the affidavits invalid for their intended purpose.

Subsequently, in *Lowe's of Ga. v. Merwin*, 156 Ga. App. 876 (275 SE2d 812) (1981), the contractor's affidavit was alleged to declare falsely that all liens had been paid, but this court held that in view of the contractor's compliance with the requisites of former Code Ann. § 67-2001 (2), "it was not incumbent upon [the defendant owner] to produce, in addition to the contractor's sworn affidavit, evidence that he (the owner) made full payment to the contractor and that the contractor in turn properly disbursed payment to all valid claims of materialman." Id. at 876-877. In reaching this conclusion the court recognized "that the possibility that a contractor's affidavit may be false works a hardship against one in plaintiff's position, but to hold otherwise would equally effect a hardship against [the owner]. . . ." Id. at 876.

*Dixie Concrete Svcs. v. Life Ins. Co. of Ga.*, 174 Ga. App. 866 (331 SE2d 889) (1985), considered the question of whether the language in a contractor's affidavit sufficiently complied with the provisions of OCGA § 44-14-361.2, and determined: " '(I)nasmuch as our lien laws and procedures are in derogation of the common law, they must be construed strictly *against the creditor* and in favor of the debtor. [Cit.]' [Cits.] Construing OCGA § 44-14-361.2 (a) (2) (A) in favor of [the owners], we find the general contractor's affidavit in substantial if not complete compliance with the statute and affirm the trial court's grant of summary judgment to appellees."

It can be seen that these later cases weighed the equities of the situation in favor of the good faith purchaser over the lien holder. The issue is not whether the purchaser observed the execution of the affidavit alleged to be irregular, but whether the purchaser was entitled to rely on its validity. The record before us here shows that the documents executed at the closing contained "[a] signed statement of facts, purporting to be the statement of the signer, followed by the certificate of an officer, authorized to administer oaths that it was sworn to and subscribed before him, [which] is a lawful affidavit. [Cits.]" *Phoenix Air &c. Co. v. Al-Carol, Inc.*, 129 Ga. App. 386, 387 (199 SE2d 556) (1973). These decisions thus fully authorized the trial court's determination that the notarized affidavits which were valid on their faces fulfilled the statutory requirements to dissolve appellant's lien, and that the Hyzers were entitled to judgment as a matter of law.

We therefore reject appellant's argument that it could revive its lien by showing that the affidavits were not properly executed. In so doing, we agree with appellees that *Chambers Lumber Co. v. Hagan*, 118 Ga. App. 392 (1), supra, although not specifically overruled has never been followed in subsequent cases, and thus has been implicitly overruled. Accordingly, we explicitly overrule *Chambers* in so far as it holds that submission of evidence that no oath was administered to attack an affidavit regular on its face in response to a motion for summary judgment is sufficient to present an issue for the jury as to whether a builder's or seller's affidavit constituted a legal affidavit. See *Lear Siegler, Inc. v. Stegall*, 184 Ga. App. 27 (360 SE2d 619) (1987). The correct rule is that an affidavit regular on its face, but challenged on the ground it was not properly sworn to or notarized, is as a matter of law sufficient *if* there is an "absence of any evidence indicating that the owner was aware of the irregularity, or allegations and proof of fraud and/or collusion. . . ." *Jackson's Atlanta &c. Co. v. Industrial Tractor &c. Co.*, supra at 422.

*Judgment affirmed. Birdsong, C. J., McMurray, P. J., Banke, P. J., Carley, Sognier, Pope, Benham and Beasley, JJ., concur.*

DECIDED SEPTEMBER 6, 1988.

*Carl A. Crowley III,* for appellant.
*Harmon W. Caldwell, Jr., Wade H. Watson III,* for appellees.