A89A0563. STAR MANUFACTURING, INC. v. EDENFIELD et al.
### (382 SE2d 706)

BIRDSONG, Judge.

This is an appeal from the trial court's grant of appellees/defendants' motion for directed verdict. The trial court's order directed verdict against appellant Star Manufacturing Company (hereinafter Star) and dissolved a materialman's lien held by Star against the appellees.

Appellees contracted with E.W.W. Machinery Erectors, Inc. (hereinafter E.W.W.) for the erection of a prefabricated steel warehouse built by Star. E.W.W. erected the Star manufactured warehouse on appellees' property. Subsequently, Star asserted that it had not been paid for this account and filed a materialman's lien. The appellees made final payment to E.W.W. for the warehouse, and E.W.W. executed an affidavit, dated and sworn to on December 20, 1982, the date appellees tendered final payment to E.W.W.

Appellant has filed two enumerations of error, and we limit our review to those issues therein asserted and duly addressed in appellant's brief. See generally OCGA § 5-6-40 Judicial Decisions; Court of Appeals Rule 15 (c) (2). *Held*:

1. Appellees' motion for sanction of appellant, pursuant to Court of Appeals Rule 26 (b), is denied.

2. Appellant asserts that the trial court erred "when it directed a verdict for [appellees] on the basis that the [appellees] procured an affidavit from the contractor to the effect that all materialmen had

been paid, because [appellees] admitted in their pleadings that they did not obtain the affidavit prior to making their final payment to the contractor."

OCGA § 44-14-361.2 pertinently provides that a special lien under the provisions of OCGA § 44-14-361 shall be dissolved if the owner of the property shows that: "(2) (A) They or any of them have obtained the sworn written statement of the contractor or person other than the owner at whose instance the labor, services, or materials were furnished . . . that the agreed price . . . [has] been paid . . . and (B) When the sworn . . . statement was obtained or given *as a part of a transaction*: . . . (iii) Where final disbursement of the contract price is made by the owner to the contractor. . . ." (Emphasis supplied.)

OCGA § 44-14-361.2 was promulgated under Ga. L. 1983, p. 1450, § 1, and "substantially altered" its predecessor statutes, OCGA § 44-14-361 (b) and Code Ann. § 67-2001.2. *Amafra Enterprises v. All-Steel Bldgs.*, 169 Ga. App. 388, 389, n. 1 (313 SE2d 110). One important distinction is that OCGA § 44-14-361.2 speaks in terms of dissolution of an existing lien by production of a contractor's sworn written statement while OCGA § 44-14-361 (b) and Code Ann. § 67-2001.2 also provide that the lien shall attach *unless* the owner produces the contractor's sworn statement. Thus, the predecessor statutes clearly contemplated that the contractor's sworn statement would be procured in time to prevent the lien from attaching, while OCGA § 44-14-361.2 on its face addresses only the subsequent dissolution of a special lien. Accordingly, we do not find *Massachusetts Bonding & Ins. Co. v. Realty Trust Co.*, 142 Ga. 499 (2) (83 SE 210) and its progeny dispositive of the issue of when OCGA § 44-14-361.2 requires the contractor's sworn statement to be obtained by the owner.

In interpreting the requirements of OCGA § 44-14-361.2, we recognize that " 'as our lien laws and procedures are in derogation of the common law, they must be construed strictly *against the creditor* and in favor of the debtor.' " *Dixie Concrete Svcs. v. Life Ins. Co. &c.*, 174 Ga. App. 866 (331 SE2d 889). Further, while a danger exists in construing a lien dissolution statute too broadly, see *Massachusetts Bonding*, supra at 503, too narrow a statutory construction may well work a "hardship" on an innocent owner " 'who would then be forced to pay twice for improvements to his property.' " *C. E. Self &c. v. Jerome*, 161 Ga. App. 456, 458 (288 SE2d 359).

OCGA § 44-14-361.2 does not on its face require that the contractor's sworn statement be obtained *before* final disbursement of the contract price is made by the owner. Rather, this statute, in pertinent part, only requires that the sworn written statement be obtained or given "as a part of a transaction" where such final disbursement is made. OCGA § 44-14-361.2 (B). We find this language unambiguous

and the legislative intent clear. OCGA § 1-3-1 (a). Thus, this particular statutory provision tacitly appears to require only that the sworn statement will be obtained *or* given both in conjunction with the final disbursement and within such a reasonable time thereof so as to constitute "a part of" the final disbursement transaction. Whether a contractor's sworn statement has been timely obtained or given, thus will depend on the circumstances of each case. Nothing found in *Bishop v. Forsyth Paving Contractors*, 181 Ga. App. 345 (352 SE2d 198) justifies a different statutory construction.

In this case, the contractor's sworn statement reflects on its face that it was executed on December 20, 1982, by the president of E.W.W. The president of E.W.W. testified that the contractor's sworn statement was executed by him on the date the final payment was made on the warehouse by the appellees; and, he would not have signed the sworn statement if he had not sent the money due on the project to Star. He also testified that although he could not recall if he delivered the affidavit to appellees at the time he made final payment, it seems like he "delivered it to their . . . plant at Warner Robins." In reviewing these pertinent facts of record, we have appropriately applied the principle that " '[a] brief cannot be used in lieu of the record or transcript for adding evidence to the record. [Cits.] We must take our evidence from the record and not from the brief of either party.' " *Williamson v. Sunshine Oil Co.*, 176 Ga. App. 661 (2) (337 SE2d 441).

Considering the operative facts of this case, we are satisfied that appellees substantially complied with the requirements of OCGA § 44-14-361.2. OCGA § 1-3-1 (c); cf. *Dixie Concrete*, supra. Moreover, we find that such substantial compliance would exist even if OCGA § 44-14-361.2 had required the contractor to give to the owner, or that the owner otherwise obtain, the contractor's sworn statement *before* final disbursement of the contract price. Accordingly, we find this enumeration of error to be without merit.

3. Appellant asserts that the trial court erred by supplementing the record and adding additional grounds for directed verdict; and that contrary to the additional grounds asserted appellant did not fail to prove a prima facie case.

At the onset we note that this enumeration of error contains assertions of at least two separate errors in contravention of OCGA § 5-6-40.

Review of the record in toto reveals that after appellees renewed their motion for directed verdict, the trial court directed a verdict in their favor. At that time, the trial court asserted that the grounds for this ruling "is that the law provides that when material is furnished for a job such as this that a lien attaches unless the true owner . . . produce[s] a sworn statement of the contractor . . . which . . . de-

clares that the agreed price or reasonable value thereof has been paid. Since the [appellees] have produced such a sworn statement and it is in evidence, in the opinion of the Court that constitutes a complete defense to the charge, and, therefore, I'm going to direct a verdict in favor of the [appellees]." We further note that appellant in its brief wisely concedes the power of the trial judge to sua sponte direct a verdict when the statutory requirements therefor have been otherwise fulfilled. See generally OCGA §§ 15-6-8 (6) and 15-6-9 (8); see *Cannon v. Heard*, 204 Ga. 891, 893 (52 SE2d 459); *Spivey v. Barwick*, 157 Ga. 853 (1) (122 SE 594) (judgment reversed on other grounds). After the directed verdict was published and before the transcript was completed, the trial court attempted to supplement the record by adding additional grounds for its ruling therein.

Although we have certain reservations regarding the manner in which the additional material ultimately was inserted into the record (compare OCGA § 5-6-41 to OCGA § 15-1-3 (6)), in view of our disposition of the enumeration of error in Division 2, we find that any error arising from this procedure is harmless. OCGA § 9-11-61. Moreover, "[i]f a judgment excepted to [the grant of a directed verdict] is right for any reason, it will be affirmed by the appellate courts." *Gleaton v. Atlanta*, 131 Ga. App. 399 (3) (206 SE2d 46).

Appellant's other assertions of error likewise are without merit.
*Judgment affirmed. Deen, P. J., and Benham, J., concur.*

DECIDED MAY 24, 1989.

*Paul Cames*, for appellant.
*Bentley C. Adams III*, for appellees.

