## A90A1582. DRYWALL SUPPLY OF AMERICA, INC. v. DIVERSIFIED SHELTER GROUP, LTD.

(402 SE2d 321)

COOPER, Judge.

Appellee, a developer of residential subdivisions, owned certain residential lots and also served as the general contractor for the construction of houses on those lots. Appellee contracted with George Borbas d/b/a Falcon Drywall to furnish and install drywall in the residences. Borbas, in turn, contracted with appellant to supply the drywall materials needed for the residences. Appellee paid Borbas in full by February 4, 1988, yet Borbas did not pay appellant for any of the materials supplied by appellant. Borbas apparently absconded from Georgia, and on February 16, 1988, appellant filed several liens on appellee's property. Suit was then brought by appellant against appellee to foreclose those liens. Appellee filed a motion for summary judgment and supported the motion with an affidavit of appellee's vice president, dated November 1, 1989, which stated that "[appellee] has paid Falcon Drywall the full and complete amount which it owes Falcon Drywall, and [appellee] owes nothing which it has withheld from Falcon Drywall. The amount paid to Falcon Drywall was the agreed price of the labor, services and materials provided by Falcon Drywall." Appellee submitted a supplemental affidavit of its vice president dated January 2, 1990, which listed the total agreed price for labor, services and materials for the construction of each of the residences in question and then stated "[t]he above amounts listed as the full amounts of labor, services, materials on each of the above-listed lots were paid in full by [appellee], as general contractor. The amounts representing the agreed price and reasonable value of the labor, services and materials paid to Falcon Drywall were paid in full by [appellee]." The trial court granted appellee's motion for summary judgment on the ground that the affidavits submitted dissolved appellant's liens pursuant to OCGA § 44-14-361.2, and it is from this order that appellant appeals.

1. Appellant first argues that the court erred in granting summary judgment because the affidavits submitted by appellee failed to state that all bills or all claims for labor and materials had been paid. The crux of appellant's argument is that the affidavits did not specify that all suppliers and materialmen, including all those not contracting directly with the general contractor, had been paid. OCGA § 44-14-361.2 states that a materialman's or subcontractor's lien shall be dissolved if the owner shows that "[t]hey . . . have obtained the sworn written statement of the contractor or person other than the owner at whose instance the labor, services, or materials were furnished, . . ., that the agreed price or reasonable value of the labor, services, or materials have been paid. . . ." We do not agree with appellant's con-

struction of the statutory language. In *Dixie Concrete Svcs. v. Life Ins. Co. of Ga.*, 174 Ga. App. 866 (331 SE2d 889) (1985), we held that an affidavit which states that the general contractor "has paid in full or has otherwise satisfied all obligations" sufficiently complies with the statute so as to dissolve liens against the owner. The affidavits submitted by appellee satisfy the requirements of the statute, and we do not believe the legislature intended the construction advanced by appellant. As stated in *Lowe's of Ga. v. Merwin*, 156 Ga. App. 876 (2) (275 SE2d 812) (1981), wherein this court construed the statutory predecessor of OCGA § 44-14-361.2, "it was not incumbent upon [appellee] to produce, in addition to the contractor's sworn affidavit, evidence that he (the owner) made full payment to the contractor and that the contractor in turn properly disbursed payment to all valid claims of materialman." " '(I)nasmuch as our lien laws and procedures are in derogation of the common law, they must be construed strictly *against the creditor* and in favor of the debtor. (Cit.)' [Cits.] Construing OCGA § 44-14-361.2 (a) (2) (A) in favor of [appellee-debtor], we find the general contractor's affidavit in substantial if not complete compliance with the statute and affirm the trial court's grant of summary judgment to [appellee]." (Emphasis in original.) *Dixie Concrete*, supra at 866. We recognize the possibility that a contractor's affidavit submitted in circumstances such as the instant case may work a hardship against one in [appellant's] position, "but to hold otherwise would equally effect a hardship against [appellee]-owner, who would then be forced to pay twice for improvements to his property." *Lowe's of Ga.*, supra at Division 1. The case cited by appellant, *Siplast, Inc. v. Inland Container Corp.*, 172 Ga. App. 341 (323 SE2d 187) (1984) is unpersuasive since the defendant therein never obtained a contractor's affidavit at all.

2. Appellant next enumerates that the court erred in granting summary judgment because appellee's affidavits were given almost two years after appellant's liens were recorded, and therefore the affidavits were not sufficient to dissolve the liens. Appellant argues that OCGA § 44-14-361.2 (a) (2) (B) prevents a contractor's affidavit from dissolving the liens if it were given at a time that the liens had already been filed. However, this section of the statute only applies when the affidavit is given in connection with the three transactions enumerated. According to the statute, an affidavit given in connection with the specified transactions will not dissolve previously filed liens or notices of liens. None of the enumerated transactions is involved in the instant case, and the record reveals that the full payment was in fact made to Falcon Drywall prior to the filing of the liens. We understand appellant's concerns that an inconsistency may result in that an affidavit offered by appellee at this time in connection with a sale of the property would not dissolve the liens whereas an affidavit offered

in the instant circumstances will dissolve the liens. However, until the legislature specifically addresses this issue, we determine that their intent complies with the plain wording of the statute and there is no prohibition to dissolving previously recorded liens when the affidavit is not given as part of the enumerated transactions so long as the actual payments were made prior to the lien filing.

3. Appellant finally contends that the affidavits were not effective to dissolve the liens because the owner and the contractor were the same entity. We agree with the trial court that the clear language of OCGA § 44-14-361.2 (a) (2) (A) — "the sworn written statement of the contractor or person other than the owner at whose instance the labor, services, or materials were furnished" — does not prohibit the statute's application when the owner and the contractor are the same entity. There is no argument made that appellee was not actually performing the duties of general contractor, and it appears that appellee was in substance the bona fide general contractor for the project and therefore was an appropriate entity under the statute to provide the affidavit. Appellant cites *Builders Supply Co. v. Thomas*, 118 Ga. App. 830 (166 SE2d 33) (1968) as support for its argument. This case construes a predecessor statute, and therefore our construction of the current statute is controlling. We disapprove of any contrary holdings in *Builders Supply*. The trial court's grant of summary judgment to appellee was not in error.

*Judgment affirmed. Banke, P. J., and Birdsong, P. J., concur.*

DECIDED FEBRUARY 12, 1991.

*Awtrey & Parker, Barbara H. Martin*, for appellant.
*Swift, Currie, McGhee & Hiers, Jane C. Barwick, D. Todd Markle*, for appellee.