A91A1304. BALEST v. SIMMONS et al.
(411 SE2d 576)

SOGNIER, Chief Judge.

Tony Balest d/b/a Balest Construction Company brought suit against Kelvin J. Simmons and Audrey C. Simmons to recover a sum allegedly owed under a residential construction contract. The trial court granted summary judgment to the Simmonses on the ground that Balest executed an affidavit of final payment and therefore was precluded from recovering any additional payments. Balest appeals.

The contract at issue, executed on July 11, 1988, by appellant as contractor and appellees as owner, provided that appellant would construct a house for appellees in exchange for payment for all labor and materials ("estimated" to total $96,996) plus $15,000. The contract also obligated appellant to provide lien waivers from all subcontractors and suppliers prior to receipt of final payment.

During the course of construction, appellees paid appellant $110,600. A certificate of occupancy was issued on December 21, 1988. Appellant testified by deposition that a few days before the closing of appellees' permanent loan, he informed them that he was owed approximately $18,000 for extra work performed pursuant to change orders issued during the project. At the January 4, 1989 closing, appellant executed a "Construction Loan Contractor's Affidavit of Completion" which provided, inter alia, that appellant agreed "that all improvements on [appellees'] real estate are fully completed"; that "there are no unpaid bills of any nature for any improvements . . . or any other work, labor or materials [provided to the project] at the direction of [appellant] or any agent of [appellant] except as disclosed below" (and nothing was disclosed in the space provided); and that "[appellant] makes this affidavit for the purpose of inducing [appellees' lender] to disburse the balance of the loan heretofore granted to [appellees] . . . and for the purpose of inducing [appellees] to pay to [appellant] the balance due upon the contract price." The lender then issued to appellees a check for $1,396 denominated as "final construction proceeds," which appellees endorsed to appellant.

Two months later, appellant filed a claim of lien against appellees' property and, within the statutory time limit, filed suit seeking to recover damages for breach of contract and to foreclose on the lien. The trial court granted appellees' motion for summary judgment, ruling that appellant, by executing the affidavit providing that no bills remained unpaid without indicating that any additional payment was due and by receiving a check represented as final payment, waived

any right to recover under the statutory lien provisions.

1. In his first enumeration of error, appellant maintains the trial court erred by concluding that appellant, by executing the affidavit of payment, waived or dissolved his statutory lien rights. OCGA § 44-14-361 (a) (2) grants to general contractors a special lien on the real estate for which they furnish labor, services, or materials. This special lien may be dissolved under OCGA § 44-14-361.2, which provides in pertinent part:

(a) The special lien specified in [OCGA § 44-14-361 (a)] shall be dissolved if the owner, purchaser from owner, or lender providing construction or purchase money or any other loan secured by real estate shows that:

(1) The lien has been waived in writing by lien claimant; or

(2) (A) They or any of them have obtained the sworn written statement of the contractor . . . that the agreed price or reasonable value of the labor, services, or materials have [sic] been paid or waived in writing by the lien claimant; and

(B) When the sworn written statement was obtained or given as a part of a transaction:

(i) Involving a conveyance of title in a bona fide sale;

(ii) Involving a loan in which the real estate is to secure repayment of the loan; or

(iii) Where final disbursement of the contract price is made by the owner to the contractor

there was not of record, at the time of the settlement of the transaction a valid preliminary notice or claim of lien which had not been previously canceled, dissolved, or expired.

(a) OCGA § 44-14-361.2 authorizes an owner, seller, or lender to dissolve a lien upon showing either that (1) the contractor gave a written lien waiver; or (2) the contractor provided a sworn statement that the agreed price or reasonable value was paid or waived in writing, *and* at the time such a statement was given in connection with any of the transactions listed in (a) (2) (B) (i)-(iii) the contractor had not previously filed a valid preliminary notice or claim of lien. Accord *Star Mfg. v. Edenfield,* 191 Ga. App. 665-667 (2) (382 SE2d 706) (1989) (contractor's affidavit held sufficient to dissolve subcontractor's lien because affidavit had been given in conjunction with contractor's receipt of final payment (OCGA § 44-14-361.2 (a) (2) (B) (iii)) and no lien had been filed at the time of payment to contractor). This court's recent decision in *Drywall Supply &c. v. Diversified Shelter &c.,* 198 Ga. App. 549, 550-551 (2) (402 SE2d 321) (1991) incorrectly construed

OCGA § 44-14-361.2 (a) (2) (B) to apply only "when the [contractor's] affidavit is given in connection with the three transactions enumerated" in subparagraphs (2) (B) (i)-(iii). The panel held that since none of the enumerated transactions had occurred the requirement in (2) (B) of no prior recorded liens was not applicable, and the lien could be dissolved solely upon a showing of the requirements in (2) (A) even though the affidavit was made by the owner/contractor in response to a summary judgment motion and filed two years after the claim of lien was recorded.

This construction improperly ignored the word "and" that appears at the end of subparagraph (a) (2) (A) in derogation of the basic rule that a statute should be construed to "make all its parts harmonize and to give a sensible and intelligent effect to each part[, as i]t is not presumed that the legislature intended that any part would be without meaning. [Cit.]" *Houston v. Lowes of Savannah*, 235 Ga. 201, 203 (219 SE2d 115) (1975). The interpretation in *Drywall Supply* also is inconsistent with the obvious legislative intent of the 1983 amendments to the statutory lien laws, Ga. Laws 1983, pp. 1450, 1455-1456, which enacted a new Code section, OCGA § 44-14-361.2, incorporating a variation of former OCGA § 44-14-361 (b) into paragraph (a) (2) (A) of the new Code section and adding new language denominated as paragraph (a) (2) (B). Given the principle that " '[a] legislative body should always be presumed to mean something by the passage of an act,' [cit.]" *Wilson v. Bd. of Regents*, 246 Ga. 649, 650 (272 SE2d 496) (1980), we will presume from the addition of the new language in paragraph (a) (2) (B) that the General Assembly intended by its enactment to make some change in the existing law. See *C. W. Matthews &c. Co. v. Capital Ford Truck Sales*, 149 Ga. App. 354, 356 (254 SE2d 426) (1979). The addition in paragraph (a) of the requirement that, to be effective, a contractor's affidavit must have been obtained by an "owner, purchaser . . . , or lender" together with the new requirements in subparagraph (a) (2) (B) compels the conclusion that the purpose of OCGA § 44-14-361.2 (a) is to enable owners, purchasers, and lenders to clear property titles in order to complete closings of the transactions enumerated in (B) (i)-(iii). We conclude the proper construction of paragraph (2) of OCGA § 44-14-361.2 (a) is that a contractor's affidavit will dissolve a lien only if the conditions in both subparagraphs (A) *and* (B) are met, and accordingly we overrule the contrary holding in *Drywall Supply*.

(b) In the case at bar, appellant proffered a contractor's sworn statement as defined in OCGA § 44-14-361.2 (a) (2) (A) at a loan closing when no lien claim or preliminary notice had been filed. See OCGA § 44-14-361.2 (a) (2) (B) (ii). He contends, however, that the language in the affidavit did not meet the standard set forth in (a) (2) (A) because he averred only that he had paid the bills owed on the

project and was giving the affidavit to induce final payment, but did not state that he received final payment of the full contract price.

While this court has not been called upon to address the effect of such language on the general contractor's rights in the cases decided since the 1983 legislative amendments, we have construed similar language in general contractor's affidavits to be sufficient to dissolve a subcontractor's or supplier's lien rights. See *Walk Softly, Inc. v. Hyzer*, 188 Ga. App. 230 (372 SE2d 500) (1988) (general contractor averred there were no outstanding bills or liens); *Dixie Concrete Svcs. v. Life Ins. Co. of Ga.*, 174 Ga. App. 866 (331 SE2d 889) (1985) (contractor executed affidavit stating he had " 'paid in full or . . . otherwise satisfied all obligations for all materials and equipment furnished' " to the project); accord *Star Mfg.*, supra at 665-667 (2) (contractor averred all materialmen had been paid).

As appellant notes, the affidavit he executed recited only that it was made for the purpose of "inducing" the lender to disburse the final construction proceeds and "inducing" appellees to make final payment. Nonetheless, it is undisputed that the lender did make such a disbursement, that appellees paid the entire proceeds to appellant, and that upon receiving this payment appellant had been paid the entire sum contemplated by the construction contract. Moreover, the clause averring that there were "no unpaid bills . . . of any nature" provided for exceptions to be made for any items left unpaid, and at the time he executed the affidavit, appellant listed no such exceptions. Although he subsequently testified at his deposition that he had not been paid for change orders and that he had so informed appellees prior to the closing, we find this and other deposition testimony that he had not received final payment contradicted his prior affidavit testimony. No reasonable explanation for the contradiction was offered, so the favorable portion of the deposition testimony must be construed against him. *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27, 28-30 (1, 2) (343 SE2d 680) (1986). While we do not condone the imprecision of the affidavit language, following the rule in *Prophecy* together with the well-established rule that an affidavit purporting to dissolve lien rights must be construed strictly against appellant, the creditor, and in favor of appellees, the debtors, *Dixie Concrete*, supra, we conclude that under the circumstances of this case the affidavit as a whole was sufficient under OCGA § 44-14-361.2 (a) (2) to dissolve the lien rights of appellant as general contractor.

2. In his remaining enumerations, appellant contends the trial court erred by concluding that the affidavit barred his breach of contract claim. We do not agree, as we find appellant is estopped from asserting a claim in contravention of the sworn admission in his affidavit. Similar to the plaintiff in *Hill v. Brooks*, 133 Ga. App. 138 (210 SE2d 176) (1974), appellant is estopped because the lender would not

have released the balance of the loan proceeds and appellees would not have tendered those proceeds to appellant but for his admission under oath that all bills had been paid and that final payment was to be made. OCGA § 24-4-24 (b) (8) (estoppel includes presumptions in favor of "[a]dmissions upon which other parties have acted, either to their own injury or to the benefit of the persons making the admissions"). Moreover, appellant's failure to disclose exceptions in the space provided when by his own admission he was aware of the alleged additional obligations compels application of the rule of estoppel by silence, as appellant's silence when he was offered an opportunity to raise his claim for additional payment was tantamount to an admission that no such exceptions existed. See *C & S Nat. Bank v. Yeager Enterprises*, 247 Ga. 797, 799 (279 SE2d 674) (1981).

*Judgment affirmed. McMurray, P. J., Birdsong, P. J., Carley, P. J., Pope, Beasley, Andrews, JJ., and Judge Arnold Shulman concur. Cooper, J., concurs specially.*

COOPER, Judge, concurring specially.

Upon further review, I conclude that the affidavit submitted by the appellee in *Drywall Supply &c. v. Diversified Shelter &c.*, 198 Ga. App. 549 (402 SE2d 321) (1991), who was the owner of the property, was in effect an owner's affidavit. As such, the affidavit could only be utilized in the context of a sale or a loan on the property. OCGA § 44-14-361.2 (a) (2) (A). Since neither of these situations was involved in *Drywall*, the affidavit should not have been considered.

DECIDED OCTOBER 23, 1991.

*Hartness, Link & Hardman, William B. Puryear*, for appellant.
*Burroughs, LeFevre & Wynne, J. David Burroughs*, for appellees.