## A92A0044. BROWN et al. v. ALLEN et al.
### (418 SE2d 153)

Pope, Judge.

This case arises from a dispute concerning ownership of a tractor, truck and trailer. Defendant Tommy Brown swore out a warrant to recover possession of the disputed property. Brown alleges a friend named Joey Brown borrowed the disputed property from him and failed to return the property to him. Brown further alleges that plaintiff Marvin D. Allen came into unauthorized possession of the property from Joey Brown and subsequently transferred the property to plaintiff Lamar Myers. Pursuant to the warrant, the Sheriff of Hart County seized the tractor.

Plaintiffs then filed this action to recover possession of the tractor. Plaintiff Allen contends he made a deal with Brown to purchase the disputed property from him. Allen acknowledges he has not paid Brown for the truck and trailer but testified at trial he stands ready to fulfill the terms of the agreement they reached concerning that property. With regard to the tractor, Allen testified that he reached an agreement with Brown to buy it for $7,000 and through a mutual friend named Joey Brown, gave Brown $5,000 toward its purchase and later gave Brown $1,000 personally.

During discovery, plaintiffs learned that Scott Brown, Tommy Brown's son, claimed ownership of the tractor and that Joel McMullan was the purported owner of the truck. Therefore, Scott Brown and McMullan were added as defendants.

After a bench trial, the trial court found that both the trailer and truck belonged to McMullan, but McMullan had entrusted it to Brown for Brown to sell for him. The trial court also concluded that the elder Brown was the owner of the tractor because the evidence showed that the son had not purchased the tractor. Instead, the tractor was titled to the son because "Tommy Brown could not have any property in his name." The trial court further found that Brown had entered into an agreement to sell the tractor, truck and trailer to Allen, and Allen, after possessing the property for a significant period of time, transferred it to Myers in exchange for a motor home. The trial court concluded that Myers held the status of a bona fide purchaser for value without notice. With regard to the tractor, the trial court ordered that Myers maintain possession and title of the tractor, and Allen should pay Brown the remaining $1,000 he owes on it. The trial

court also ordered that either plaintiff Myers or Allen must pay McMullan $1,500 for the truck and trailer or alternatively return them to him within 30 days from the date of the order. Defendants appeal from that order.

1. Defendants first contend the trial court erred in finding that the tractor was owned by Tommy Brown rather than Scott Brown. "After the trial judge hears a case without the intervention of a jury, his findings of fact, if based upon any evidence should not be disturbed. [Cits.]" *Hill v. Brooks*, 133 Ga. App. 138, 140 (1) (210 SE2d 176) (1974). A review of the transcript reveals contradictory evidence concerning ownership of the tractor. Defendants introduced into evidence the bill of sale evidencing that the tractor was sold to Scott Brown. Scott testified he paid for the tractor with money he had earned and money he received from his mother. His father also testified that Scott had purchased the tractor with money he earned working on the farm and selling calves and with money his mother gave to him. On the other hand, the evidence revealed that the father acted as if he owned the tractor and exercised control over its use. Furthermore, during the testimony of the elder Brown, the trial judge made the following inquiry:

"THE COURT: Mr. Brown, I'm just a little curious as to why you would put a $12,000.00 tractor or $17,000.00 worth of equipment in a ten year old child's name.

"MR. BROWN: Well, because I had fell and broke my ankle and I got arthritis and I had to retire, I *turned it over to him*. (Emphasis supplied.)"

"Where a witness, particularly one with a personal interest in the result of the case, testifies in a self-contradictory manner, that construction most unfavorable to his position should generally be adopted." *Goerndt v. State*, 144 Ga. App. 93, 94 (5) (240 SE2d 711) (1977). The trial court did not err in finding that Brown rather than the son is the true owner of the tractor.

2. Defendants also contend the trial court erred in finding that plaintiff Myers was a good faith purchaser for value of the tractor. Defendants argue because Myers did not receive a bill of sale and could offer no other proof of ownership, the trial court's finding is erroneous. Defendants offer no authority for their position nor are we aware of any authority requiring a good faith purchaser for value to receive a bill of sale or other proof of ownership before he can hold good title to a tractor. See OCGA § 11-2-403. The transcript supports the trial court's conclusion that Myers was a good faith purchaser for value. *Hill*, supra at (1). Accordingly, this enumeration is without merit.

3. Defendants finally argue the trial court erred by failing to return possession of the tractor to Scott Brown, a minor child, even if

the tractor was sold to a bona fide purchaser for value. Our holding in Division 1 that the trial court properly concluded that Tommy Brown rather than Scott Brown owned the tractor in question makes it unnecessary to address this enumeration of error.

*Judgment affirmed. Carley, P. J., and Johnson, J., concur.*

DECIDED APRIL 10, 1992.

*Rodger E. Davison*, for appellants.
*Jerry N. Neal*, for appellees.